**Martin KORNBLUTH et al., Plaintiffs,**

**v.**

**Donnie SAVANNAH and United States Post Office, Defendants.**

**No. 75–C–186.**

United States District Court,
E. D. New York.

July 24, 1975.

George M. Faber, Forest Hills, New York, for plaintiff.

David G. Trager, Brooklyn, U. S. Atty., for defendants; by J. Christopher Jensen, Brooklyn, Asst. U. S. Atty., of counsel.

JUDD, District Judge.

### MEMORANDUM AND ORDER

Defendants have moved to dismiss this action under the Federal Tort Claims Act because of plaintiffs' failure to submit physician's statements and medical bills at the administrative stage of the claim. Since the filing of the motion, the parties have agreed by stipulation that the United States would be substituted as sole defendant in place of the United States Post Office.

The complaint alleges that there was a collision on December 30, 1971 between the vehicle of plaintiff Martin Kornbluth and a vehicle of the United States Postal Service driven by Donnie Savannah. The Marshal was unable to serve defendant Savannah, and plaintiff has

consented to dismiss the action against him pursuant to 28 U.S.C. § 2679(b). The complaint claims damages of $25,000 each for plaintiff Martin Kornbluth and for plaintiff Eugene Rattner, whose vehicle was struck by plaintiff Kornbluth's car as a result of the collision.

The complaint alleges that plaintiffs filed all necessary forms and applications and that the claims were disallowed by notice dated September 10, 1974. The claims submitted to the Post Office Department were for $100,000 each, claiming with respect to Mr. Kornbluth "[m]ultiple bodily injuries, lacerations, contusions, cerebral concussion" and with respect to Mr. Rattner, "[m]ultiple bodily injuries, contusions, etc."

The moving papers assert that the United States Postal Service wrote the attorney for plaintiffs twice, on April 24, 1972 and April 16, 1974, stating that a personal injury claim must be supported by written reports of the attending physicians and itemized accounts of medical and hospital bills. No response having been made to either of these letters, the Postal Service denied the claims of Kornbluth and Rattner on September 10, 1974 for failure to supply reports by attending physicians and medical bills.

In response to defendants' motion, plaintiffs submitted an answering affidavit of Martin Kornbluth, which stated that he hit his head on the steering wheel as a result of the collision and broke his eyeglasses, that he was briefly unconscious and that he visited four doctors after the event. Annexed to his affidavit are two doctors' bills for an aggregate of $175.00, and a paid bill of $1,302.84 for repairs to his car, most of which was reimbursed by an insurance company. The papers also show a communication from plaintiffs' attorney to Eugene Rattner which was returned with the notice, "Moved, Not Forwarda-

ble." The police report concerning Mr. Rattner stated "Property Damage Only."

Plaintiff has consented to dismissal of the claim of Mr. Rattner and the claim of the two plaintiff wives, who did not submit administrative claims.

### Statutes and Regulations

Under 28 U.S.C. § 2679(a), claims against the United States Post Office or the United States Postal Service must be brought as actions against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2674. No such claim can be the basis of an action "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . ." 28 U.S.C. § 2675(a).

District courts have jurisdiction of such actions under 28 U.S.C. § 1346(b).

The regulations of the Postal Service specifically require submission of doctors' reports and medical bills. See 39 C.F.R. § 912.7(b), which states:

> "*Personal Injury.* In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:
>
> (1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. . . .
>
> (2) Itemized bills for medical, dental and hospital expenses incurred, or itemized receipts of payments for such expenses."

### Discussion

The cases cited by defendants in support of the motion to dismiss are somewhat different from the present case,

but their combined impact is fatal to plaintiff's claim.

■ It is clear that the filing of a proper administrative claim is a necessary condition precedent to a suit under the Federal Tort Claims Act. *Driggers v. United States*, 309 F.Supp. 1377 (D. S.C.1970); *Best Bearings Co. v. United States*, 463 F.2d 1177 (7th Cir. 1972).

A defective administrative claim was held to defeat plaintiff's action in *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971). The claim there was unsigned and set forth no specific sum, but the court also referred to the absence of doctors' reports or medical bills, stating (p. 1050):

> "Nor did he provide the insurance coverage information requested or attach the doctors' reports or medical bills as directed by the instructions on the back of Form 95. The court below, therefore, properly dismissed his complaint for failing to file a proper administrative claim as required by law within two years after the claim accrued. *Staley v. United States*, D.C., 306 F.Supp. 521 (1969)."

The defect in *Hlavac v. United States*, 356 F.Supp. 1274 (N.D.Ill.1972), was also a failure to set forth the amount of the claim. The same is true of *Robinson v. United States Navy*, 342 F.Supp. 381 (E.D.Penn.1972), cited by the defendants, but the court's language is significant. It stated (p. 383):

> "The purpose of 28 U.S.C. § 2675(a) is to spare the Court the burden of trying cases when the administrative agency can settle the case without litigation. The information which the plaintiff omitted from his Form 95 was necessary to allow the administrative agency to evaluate the claim."

■ Plaintiffs assert that the absence of medical information is not a basis for dismissal because the regulation states only that such information *"may be required."* (emphasis by plaintiffs). Unfortunately, plaintiffs put the emphasis on the wrong word. The regulation provides that such information "may be *required."* (emphasis by the court). The purpose of requiring preliminary administrative presentation of a claim is to permit a government agency to evaluate and settle the claim at an early stage, both for the possibility of financial economy and for the sake of relieving the judicial burden of FTCA suits. These purposes would be defeated if a claimant could refuse to submit the information necessary for the agency to evaluate the claim and then present the matter for the first time to a district court.

Being supported by material outside the pleadings, the government's motion should be treated as one for summary judgment. F.R.Civ.P. 12(b). The answering affidavit creates no issue with respect to the facts that the claim at the administrative level was insufficient to permit an intelligent evaluation by the United States Postal Service, and that the plaintiff failed to heed requests for the necessary additional information.

Judicial sympathy for a plaintiff whose neglect has deprived him of a valuable right is tempered in this case by the court's observation that the injuries appear not to be very serious, and that the failure of plaintiff Kornbluth and his attorney to respond for over two years to the requests for medical information indicates that they did not treat the matter as one of urgent concern.

It is ordered that the motion for summary judgment be granted, that the complaint be dismissed, and that the Clerk of the Court enter judgment for the defendant.