**Maurice ROTHMAN, Susan Munden, and Rene Arem, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 76–3128–ALS.**

United States District Court, C. D. California.

April 8, 1977.

**14**

Robert S. Schlifkin, Pollock, Pollock & Fay, Los Angeles, Cal., for plaintiffs.

Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

STEPHENS, Chief Judge.

Plaintiffs' decedent, Irving Rothman, died in the Sepulveda Veteran's Administration Hospital on September 22, 1974, allegedly as the result of improper medical treatment by the hospital staff. On September 9, 1975, Maurice Rothman (decedent's father) filed an administrative claim against the government on the proper form, claiming damages in the amount of $100,-000 each for personal injury and wrongful death. In submitting this claim, Mr. Rothman was represented by Mr. Johnson E. Davis, an attorney in Miami, Florida, where Mr. Rothman lives.

The Veterans Administration assigned Mrs. Jeanne A. Steffin as the attorney to handle Mr. Rothman's claim. She wrote a letter to Mr. Davis on October 15, 1975, which stated, in part:

"We note that the claim alleges that deceased and his friend (presumably, Mr. Al Meyers) 'complained' about the massive methadone treatment and requested treatment for the chest pains and bronchopneumonia. Please supply us with the names and positions of such persons to whom they allegedly 'complained.'

Also, please furnish us with the veteran's employment history, including his earnings and rate of pay and also copies of his Federal Income Tax returns for the last three years filed."

Mr. Davis did not furnish the information requested. Mrs. Steffin had a telephone conversation with Mr. Davis on December 11, and wrote him a second letter on December 30, 1975, reiterating her request for information. That letter read:

"We have not yet received the information requested in our letter of October 15, 1975, and our telephone conversation of December 11, 1975.

In particular, please specify deceased's income, and his contribution, if any, to his father or other relatives."

No information in support of the claim was ever received.

On January 27, 1976, the Veterans Administration made a nominal settlement offer, which the claimant ignored. On April 5, 1976, the claim was formally denied. On October 1, 1976, plaintiffs filed a timely action in this court based on the alleged wrongful death of Irving Rothman. In this suit, decedent's two adult sisters joined the father in asking for $250,000 damages for wrongful death. It is undisputed that the

sisters, Susan Munden and Rene Arem, never filed administrative claims with the government.

The facts set forth above have been taken from the complaint, the moving and opposition papers filed with this motion, and particularly from the affidavit of Mrs. Steffin and the documents attached thereto. None of these facts are in dispute.

The government's principal contention is that plaintiffs' failure to submit the additional information requested by the Veterans Administration in order to process the claim administratively is tantamount to a "failure to file a proper claim." This defect being jurisdictional, and hence nonwaivable, the government asserts the suit must be dismissed.

■ The relevant statutory section, 28 U.S.C. § 2675(a), provides in pertinent part: "An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall first have presented the claim to the appropriate Federal agency and the claim shall have been finally denied by the agency . .."

It is beyond dispute that the filing of a proper claim is an absolute prerequisite to the maintenance of a suit in the district court, and this requirement cannot be waived. *See, e. g., Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508, 514–15 (6th Cir. 1974); *Caton v. United States,* 495 F.2d 635, 636–38 (9th Cir. 1974); *Avril v. United States,* 461 F.2d 1090, 1091 (9th Cir. 1972). The relevant legislative history indicates that the purpose of requiring a mandatory administrative claim procedure is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite fair settlement of tort claims asserted against the United States." S.Rep. 1327, 89th Cong., 2d Sess. (1966) *in* 2 U.S.Code Cong. & Ad.News p. 2516 (1966).

As part of its investigative procedure, the Veterans Administration may require claimants to submit substantiation for their claims. 38 C.F.R. § 14.607 (last revised in 1967) provides, *inter alia* :

"In conducting his investigation·into the facts and circumstances giving rise to the claim, the Chief Attorney [of the Veterans Administration] will consider the following guidelines to the extent applicable:

(a) *Death.* In support of a claim based on death, the claimant may be required to submit the following evidence or information:

. . . . .

(2) Decedent's employment or occupation at time of death, including his monthly or yearly salary or earnings (if any), and the duration of his last employment or occupation.

. . . . .

(4) Degree of support afforded by decedent to each survivor dependent upon him for support at the time of his death.

. . . . .

(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed."

In *Kornbluth v. Savannah,* 398 F.Supp. 1266 (E.D.N.Y.1975), the district court was presented with a situation closely analogous to the one at bar. In *Kornbluth* the plaintiff had been injured when his automobile collided with a Postal Service vehicle. Plaintiff filed a claim on the same form used here, asking $100,000 damages for personal injuries. The attorneys for the Postal Service twice wrote plaintiff, stating that personal injury claims must be substantiated by reports of the attending physicians and itemized hospital bills. No response was made to these letters, and the Postal Service denied the claim for failure to supply this information. The regulation which applied in that case, 39 C.F.R. § 912.7(b), is virtually identical to the regulation applicable to Veterans Administration processing

of a claim for personal injuries—38 C.F.R. § 14.607(b).

In granting the government's motion for summary judgment, the *Kornbluth* court noted:

"The purpose of requiring preliminary administrative presentation of a claim is to permit a government agency to evaluate and settle the claim at an early stage, both for the possibility of financial economy and for the sake of relieving the judicial burden of FTCA suits. These purposes would be defeated if a claim could refuse to submit the information necessary for the agency to evaluate the claim and then present the matter for the first time to a district court."

398 F.Supp. at 1268. In that case, as in the case at bar, the information presented in the claim to the agency was insufficient to permit an intelligent evaluation by the government, and plaintiffs failed to heed requests for the necessary additional information.

Plaintiffs' opposition papers attempt to distinguish *Kornbluth* on two grounds: first, on the wording of the C.F.R. sections involved; and second, on the wording of the letters denying the claims. Neither distinction will withstand close analysis.

Although the *Kornbluth* court interpreted the provisions of 39 C.F.R. § 912.7(b), which regulates the presentation of administrative claims for personal injury against the Postal Service, and the case at bar involves a wrongful death claim against the Veterans Administration, this distinction is inconsequential. Both 39 C.F.R. § 912.7 and 38 C.F.R. § 14.607 deal with evidence to be submitted to the respective agencies in support of administrative claims; both regulations are divided into three subsections to cover wrongful death, personal injury, and property damage claims; and both enumerate a nonexclusive list of factors to be considered by the agency in language that is in all material respects identical. This identity of language furnishes little support to plaintiffs' argument.

Plaintiffs' more vigorously pressed contention is that in *Kornbluth* the claim was denied for the specific reason that no medical evidence in support of the claim was ever submitted, while here the claim was denied because the Veterans Administration concluded that the government had not been negligent. Thus, plaintiffs argue, the failure to submit information was not the reason for the denial of the claim, and should not bar this suit. This argument, although superficially appealing, is untenable.

First, plaintiffs' argument conveniently ignores the fact that the first letter regarding substantiation specifically requested the names of the persons to whom complaints about the treatment of the decedent had been made. This information was clearly relevant to a determination whether the government had been negligent. The second letter on substantiation reiterated the request made in the first letter, and in addition asked for certain types of information on damages which had not been specified in the first letter. Having alleged that the government's treatment of the decedent was negligent, it was plaintiffs' duty to respond to the government's request for substantiation with whatever information they possessed.

Second, the rejection letter of April 5, 1976, is clearly a form letter. The reason for the denial of the claim is set forth in the first sentence of the first paragraph. That paragraph read:

"Our investigation has not revealed any negligence on the part of any Veterans Administration personnel in the diagnosis or treatment of Mr. Irving Rothman. Accordingly, Mr. Maurice Rothman's claim is hereby denied."

The second paragraph of the letter explains the claimant's right to initiate suit in federal court, and sets forth the time limits for doing so. The third paragraph discusses the procedure for requesting administrative reconsideration of the denial of the claim. The fourth paragraph explains the effect of a request for reconsideration on the time limits for filing suit. This information is set forth in compliance with 38 C.F.R. §§ 14.608(a) and (b). Thus, the letter as a

whole serves to give notice of the denial of the claim and of the claimant's further statutory rights. The first sentence does not purport to be a complete exposition of the reasons for the denial of the claim. Indeed, plaintiffs can hardly dispute that it would have been entirely proper for the Veterans Administration to have denied their claim for failure to substantiate the amount in which they alleged they had been injured. The reason the Veterans Administration gave for denying the claim fit within the format of the rejection letter; it does not excuse plaintiffs' failure to substantiate their claim.

Third, regardless whether plaintiffs could have supplied any significant information on the issue of negligence, their failure to furnish information on damages absolutely foreclosed the government from arriving at a reasonable settlement figure. Such information was within the sole control of plaintiffs, and by withholding it they automatically frustrated the purpose of Congress in requiring an administrative claims procedure in the first place.

■ For these reasons, the court finds that Maurice Rothman's failure to provide information needed by the Veterans Administration to process the claim administratively is tantamount to the failure to file a proper claim. This noncompliance with 28 U.S.C. § 2675(a) bars the instant suit by depriving the court of jurisdiction to hear it.

Although decedent's sisters, Susan Munden and Rene Arem, never filed administrative claims on their own behalf, plaintiffs argue that this requirement is satisfied by Maurice Rothman's filing of an administrative claim. Plaintiffs assert that this put the government on notice that claims had arisen from the circumstances of decedent's passing, and that such notice was sufficient to meet the statutory requirement. On the other hand, the government urges a strict construction be placed on the requirement of a prior administrative claim, and argues that the sisters' failure to file is an absolute bar to their maintenance of this action. The court does not need to decide this issue,

however. Assuming, *arguendo,* that the sisters can bootstrap their claim to their father's, and further assuming that it is not extinguished when their father's action is held to be barred, there is an independent reason why their suit must be dismissed.

■ 28 U.S.C. § 2674 limits the liability of the United States to that which a private individual would have under like circumstances. In a wrongful death action arising from the acts or omissions of the Veterans Administration, suit may be brought by the executor or administrator of the estate of the decedent, or by any other person authorized to do so by the applicable state law. 38 C.F.R. § 14.603(a)(3). In California, the right to maintain a wrongful death action is governed by Code of Civil Procedure § 377. Section 377(a) permits such an action to be brought only by the heirs or personal representatives of the decedent. Section 377(b)(1) defines "heirs" by reference to the Probate Code, and section 377(b)(2) further extends the right to sue to certain persons who are dependent on the decedent. Brothers and sisters of the decedent, even if dependent upon him, are not included in section 377(b)(2).

Paragraph 2 of the complaint describes Maurice Rothman, Susan Munden, and Rene Arem as the father and sisters of the decedent, and as his sole surviving heirs. The claim form states that decedent was single at the time of his death. From these facts the court concludes that the decedent had no issue, and that the sisters are not the personal representatives of the decedent's estate. The sisters' rights, if any, must thus flow from the provisions of the Probate Code.

California Probate Code § 225 defines the rights of heirs applicable under these circumstances.

"If the decedent leaves neither issue nor spouse, the estate goes to his parents in equal shares, or if either is dead to the survivor, or if both are dead to his brothers and sisters and to the descendants of deceased brothers and sisters by right of representation."

Since decedent's father is still living, the sisters have no claim as heirs in California, and therefore cannot bring an action for wrongful death.

Because of the disposition of the foregoing issues, it is not necessary to reach any other issues raised by the government. Since the defects set forth above cannot be cured by amendment of the complaint, the action must be dismissed with prejudice. IT IS SO ORDERED.