Avis E. SWIFT, etc., Plaintiff, Appellant,

v.

UNITED STATES of America,
Defendant, Appellee.

No. 79–1162.

United States Court of Appeals,
First Circuit.

Submitted Sept. 14, 1979.

Decided Feb. 5, 1980.

R. Laurence Cullen, Hampton, N. H., on brief, for plaintiff, appellant.

William H. Shaheen, U. S. Atty., and Robert T. Kennedy, Asst. U. S. Atty., Concord, N. H., on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from the district court's dismissal of plaintiff's two million dollar action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, for the wrongful death of her husband and for loss of consortium. The district court found that plaintiff prematurely had filed suit prior to the appropriate agency's final disposition of her administrative claim, a necessary prerequisite to filing an action under the Federal Tort Claims Act, 28 U.S.C. § 2675(a).[1] We affirm.

The facts are fully set forth in the district court's opinion and therefore need only be briefly summarized here. On December 8, 1976, plaintiff and her husband were involved in a car accident with an employee of the United States Forest Service. Shortly after the accident, plaintiff's husband suffered a fatal heart attack. On August 19, 1977, plaintiff's attorney submitted in letter form to the Forest Service a claim for $2,000,000 in damages. The Forest Service wrote immediately to counsel, provided him with the appropriate administrative claim form (SF–95), asked him to complete it and to "provide us with the necessary evidence needed in support of a claim for personal injury and death as specified on the form." The agency advised counsel that it would begin to process the claim upon receipt of the documented SF–95 administrative claim form. Not until December 12, 1977, almost four months later, did counsel submit the administrative claim to the Forest Service asking one million dollars in damages for plaintiff's husband's wrongful death and one million dollars in damages for plaintiff's personal injury. However, despite the agency's specific directions, counsel failed to document the claim.[2] The agency again wrote to counsel detailing the information it required before it could begin to process plaintiff's personal injury claim. Counsel ignored the letter. The agency wrote to counsel on March 27, 1978 and again on August 25, 1978 seeking the requisite documentation. The letters also warned counsel that plaintiff's claim could not be processed without the solicited evidentiary support. Counsel, as before, failed to respond.

On October 10, 1979, counsel, who had ignored the agency's repeated warnings that it could not process plaintiff's administrative claim without the requested evidentiary support, deemed the claim denied and

1. 28 U.S.C. § 2675(a), provides:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within *the six months after it is filed shall, at the* option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, crossclaim, or counterclaim."

2. Counsel did document $842.65 in damage to the car but did not advance a property damage claim in her complaint.

filed suit on the ground that the agency had failed ". . . to make final disposition of [her] claim within six months after it [was] filed", 28 U.S.C. § 2675(a). The suit sought two million dollars for wrongful death and for loss of consortium, but not for personal injury. The record shows that counsel had decided, prior to filing suit, to abandon the personal injury claim as unsupportable but had neglected to so advise the Forest Service who was waiting to process the claim.

The government moved to dismiss the complaint arguing that plaintiff's failure to exhaust her administrative remedies as required by 28 U.S.C. § 2675(a) deprived the district court of subject matter jurisdiction.

■ The district court, recognizing that the agency had clear authority under its own regulations, 7 C.F.R. § 1.51(b), and under 28 C.F.R. §§ 14.2(a) and 14.4 to request supporting information, found that counsel's failure to provide the requested information or in the alternative to notify the agency that the personal injury claim would not be pursued, prevented the agency from further evaluating the claim for settlement purposes, the very reason for the stringent claim requirements set forth in 28 U.S.C. § 2675(a). See Kornbluth v. Savannah, 398 F.Supp. 1266, 1268 (E.D.N.Y.1975). Given this, the district court held that the six month period in which an agency must process a claim under 28 U.S.C. § 2675(a) was not triggered and plaintiff's administrative remedies were not exhausted. We agree.

■ This is simply not a case, as plaintiff contends, where the agency failed to act within six months after receipt of the administrative claim, thus enabling plaintiff to treat the agency's inaction as a denial of the claim under § 2675(a) and to institute suit in district court. Instead, it is a case clearly documented, where counsel's neglect prevented the agency from acting on the claim. Although it is true that the agency could have denied the claim due to counsel's failure to respond to the agency's four letters, Cummings v. United States, 449 F.Supp. 40 (D.Mont.1978); Rothman v. United States, 434 F.Supp. 13 (C.D.Cal. 1977) and Kornbluth v. Savannah, supra, 398 F.Supp. 1266, the agency can not be faulted for its repeated attempts to elicit the necessary information from counsel. Plaintiff has cited no case or statutory authority to us which would require an agency to deny an administrative claim within a certain time frame rather than to hold the claim in abeyance, as the Forest Service did here, until the designated information was supplied by counsel.

■ Nor do we find error in the district court's refusal to treat plaintiff's claim for wrongful death and loss of consortium as exhausted under § 2675(a) on the theory that the agency by requesting further documentation of only the personal injury claim had implicitly conceded that it could proceed on the wrongful death and loss of consortium parts of the administrative claim. That failure to act within six months, plaintiff argues, entitled her to institute suit. We disagree. Plaintiff's theory would emasculate the purpose of the administrative claim requirement of § 2675(a).

As the district court succinctly stated in Kornbluth v. Savannah, supra, 398 F.Supp. at 1268:

". . . The purpose of requiring preliminary administrative presentation of a claim is to permit a government agency to evaluate and settle the claim at an early stage, both for the possibility of financial economy and for the sake of relieving the judicial burden of FTCA suits. . . ."

Allowing such a fragmentation of claims would compound administrative and judicial burdens that the administrative claim requirement was designed to lessen. Here, counsel's failure to document the personal injury part of the administrative claim precluded the agency from evaluating the entire claim for settlement purposes. Of course, had counsel notified the agency in the first instance, rather than the district court, that she would abandon her personal injury claim, the agency would have been in

a position to "make [a] final disposition of [her] claim within the six months after it [was] filed." 28 U.S.C. § 2675(a).[3]

*The decision of the district court is affirmed.*

---

3. We need not consider plaintiff's other arguments which were not presented to the district court: (1) the agency should have treated plaintiff's personal injury claim as "surplusage" and proceeded to make a final disposition of the claim when it did not receive the requested supporting information; (2) that the agency should have treated the claim for personal injury, loss of consortium and wrongful death as independent because New Hampshire (the situs of the alleged tort) law does; and (3) that the plaintiff had satisfied the appropriate statute of limitations and therefore was properly before the district court. *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir. 1979). We do not think that any injustice will occur by our failure to entertain these contentions. Plaintiff's suit was not forever barred; it was dismissed as premature.