**Jesus REYNOSO, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. C–81–1831 SAW.**

United States District Court,
N. D. California.

April 26, 1982.

Carl Wolf, Allan Lerch & Associates, San Francisco, Cal., for plaintiff.

Joseph P. Russoniello, U. S. Atty., John F. Barg, Chief, Civ. Div., Judith A. Whetstine, Asst. U. S. Attys., San Francisco, Cal., for defendant.

## ORDER

WEIGEL, District Judge.

Plaintiff, a former inpatient at the Veteran's Administration (VA) Hospital in San Francisco, brings suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, for damages allegedly caused by the failure of VA medical personnel to grant plaintiff's request for admission for further psychiatric care. Such failure allegedly caused plaintiff's suicide attempt on March 10, 1978. Defendant moves to dismiss or, in the alternative, for summary judgment on the ground that plaintiff's failure to document his claim at the administrative stage, as requested by the VA, rendered the claim a nullity, thereby depriving the Court of jurisdiction.

Plaintiff filed an administrative claim with the VA on February 15, 1980, using the Standard Form 95. He stated damages in a sum certain—$3.5 million—for personal injuries consisting of "massive damage and destruction to claimant's hands, severe burns over 30% of his body, numerous reconstructive surgeries, neurological damage, further psychiatric trauma" caused by grabbing a 12,000 volt cable in a suicide attempt. The claim stated that plaintiff had been hospitalized for "psychotic/schizophrenic" problems at the VA "some few months prior to the incident" but that the names of the physicians and/or other VA employees who refused him admission were unknown. Plaintiff did not substantiate his claim with a written report by the attending physician nor with itemized bills for expenses incurred, as so instructed on the form.

Thereafter, on March 11, April 23 and June 3, 1980, the VA advised plaintiff that

his claim had to be substantiated with physician reports, medical bills and employer statements in order for it to be evaluated. The March 11, 1980 letter included release forms to be signed and returned by plaintiff or his attorney so that the VA could gain access to records of other physicians and institutions "already identified" as being involved in the treatment of plaintiff, as well as to files of certain government agencies to whom plaintiff had apparently applied for benefits for the injuries alleged in the claim. In addition, the March 11, 1980 letter advised plaintiff that a physical examination by VA physicians would be necessary and that the VA would "notify you later of the date and time of the examination." (No such examination was ever scheduled.) Plaintiff made no response to any of the three letters—no facts were furnished, no excuses were made and no additional time was requested. As a result, plaintiff's claim was denied by the VA by letter of November 10, 1980 for failure to comply with agency regulations.

In order to maintain a suit against the United States under the Federal Tort Claims Act, a plaintiff must have "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency ..." 28 U.S.C. § 2675(a). "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for ... personal injury ... alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). Thus, it would appear that plaintiff satisfied the jurisdictional prerequisite of section 2675(a) by presenting the VA with an executed Standard Form 95 accompanied by a claim for money damages in a sum certain.

However, the government contends, and several district courts have held, that a claimant's failure to substantiate his claim, as requested by the agency pursuant to 28 C.F.R. §§ 14.1–14.11, renders the claim fatally defective. Therefore, it is argued, this Court lacks jurisdiction over the action, because no "proper" claim was "first presented" to the agency. *See, Kornbluth v. Savannah*, 398 F.Supp. 1266 (E.D.N.Y.1975); *Cummings v. United States*, 449 F.Supp. 40 (D.Mont.1978); *Rothman v. United States*, 434 F.Supp. 13 (C.D.Cal.1977); *State Farm Mutual Automobile Insurance Company v. United States*, 446 F.Supp. 191 (C.D.Cal. 1978).

The government's contention confuses the jurisdictional requirements of 28 U.S.C. § 2675(a) with the procedures established by 28 C.F.R. § 14.4 to facilitate settlement of claims at the agency level pursuant to 28 U.S.C. § 2672. The Fifth Circuit has held (in a comprehensive opinion handed down subsequently to the district court cases relied upon by the government) that an individual with a claim against the United States satisfies section 2675(a) if the claimant "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980).

Plaintiff here did give written notice and did place a value on his claim. Plaintiff advised that he had been hospitalized at the VA for a lengthy period a few months prior to the accident. The VA had access to its own records regarding plaintiff's hospitalization and, indeed, acknowledged making a preliminary review of such records prior to its letter of March 11, 1980. It is questionable whether plaintiff could have provided much in the way of substantiating medical information which the VA did not already possess. Certainly, the VA possessed sufficient information to enable it to investigate plaintiff's claim. It is irrelevant for jurisdictional purposes whether plaintiff cooperated with the VA and provided all of the information it requested, so long as he "first presented" his claim to the VA, as required by section 2675(a). In *Adams, supra*, 615 F.2d at 290, n.9, the Court stated:

In promulgating section 2675, Congress, therefore, did not seek to allow federal agencies unilaterally to shift the burden of investigation to private claimants

while retaining only the responsibility of evaluating the information supplied by the claimant:

> This procedure [of filing claims with the appropriate federal agency] would make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage. *That agency would have the best information concerning the activity which gave rise to the claim.* (Citation omitted, emphasis added.)

Denial of defendant's motion in this case is consistent with the holdings in *Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972) and *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974).[1] In those cases, the claimant failed to state a claim for money damages in a sum certain. Here the claimant stated such a claim. In light of the legislative history of sections 2675 and 2672, it cannot be concluded that a claimant's failure to substantiate, or refusal to settle, his claim with the agency deprives the Court of jurisdiction. As stated in *Adams, supra*, 615 F.2d at 290 (footnotes omitted):

> The requirements of section 2675 and of section 2672 are, therefore, independent. Presentation of a claim and its settlement are distinct processes: "[section 2672] authorize[s] the head of each Federal agency to settle or compromise any tort claim presented to him [under section 2675]." S.Rep. at 8, *reprinted in* [1966] U.S.Code Cong. & Admin.News at p. 2518.
>
> A claimant will ordinarily comply with 28 C.F.R. §§ 14.1–14.11 if he or she wishes to settle his or her claim with the appropriate agency. These requirements go far beyond the notice requirement of section 2675. Equating these two very different sets of requirements leads to the erroneous conclusion that claimants *must* settle with the relevant federal agency, if the agency so desires, and *must* provide

that agency with any and all information requested in order to preserve their right to sue.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss or, in the alternative, for summary judgment, is denied.

---

1. *Avril, supra*, 461 F.2d 1090, held that the claimant's failure to comply with the sum certain requirement of 28 C.F.R. § 14.2 deprived the court of jurisdiction under 28 U.S.C. § 2675(a), because it read section 2675 as requiring, by its own terms, that a claimant place a dollar amount on his damages. *Caton, supra*, 495 F.2d 635, did not even rely on the claimant's failure to state a sum certain, but held that the action should have been dismissed by the district court for lack of jurisdiction because the plaintiff filed suit before the six-month period had expired and before the claim had been finally denied by the agency.