Clayton AVERY, Jr., Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Abel ROCHA, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 81–3119, 81–4073.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1982.

Decided June 29, 1982.

Rehearing and Rehearing En Banc Denied Sept. 28, 1982.

Paul O'Neil, Schroeter, Goldmark & Bender, P. S., Seattle, Wash., for Avery.

Dennis R. Lods, Boxer & Elkind, Oakland, Cal., for Rocha.

William H. Rubidge, Asst. U.S. Atty., Tacoma, Wash., for U.S.

Before KENNEDY, FARRIS, and NORRIS, Circuit Judges.

KENNEDY, Circuit Judge:

Suit against the Government under the Federal Tort Claims Act, June 25, 1948, ch. 646, as amended by Pub.L. 89–506, 80 Stat. 306 (1966), codified at 28 U.S.C. §§ 1346(b), 2671–80 (1976), is not permitted unless a claim has first been filed with the agency; suit may begin when the agency denies the claim or has failed to act upon it for six months. 28 U.S.C. § 2675(a). These two cases present the problem of how to implement this statute where the agency takes the position it cannot process a claim because of incomplete information. The Government urges adoption of the rule followed by the district court in both of the two separate cases below. Those courts held that the claimant's failure to present full or adequate information to the agency in support of his claim was ground for dismissing his subsequent suit for lack of subject-matter jurisdiction. The Government argues that dismissal for lack of jurisdiction is the only available means to implement the congressional intent that administrative consideration of a claim occur before the courts are open to it.

The claimants argue that the rule adopted below, at worst, allows the agency to avoid trial on the merits by a procedural feint, or, at best, causes unnecessary delay in the district court by factual hearings on the threshold question of jurisdiction.

The circuits have no clear consensus on the question. In this court, each party was more effective in stressing the defects of its opponent's proposed rule than the merits of its own.

■ We determine that jurisdictional dismissal of FTCA suits brought by plaintiffs who presented only skeletal claims to the agency is not warranted by the statutory language and history.

The facts of the two cases before us can be stated briefly. Avery alleged that he was injured from falling into a pit while working at a naval base. In discussions with counsel for the Navy, Avery's attorney took the position, puzzling to the Navy, to the district court, and to us, that "uncertainty of plaintiff's medical condition made it impossible to submit requested medical reports." The district court, quoting from *Rothman v. United States*, 434 F.Supp. 13, 17 (C.D.Cal.1977), concluded that Avery's "neglect or deliberate failure to meet the Navy's requests [for medical information] prevented administrative adjudication of his claim and was 'tantamount to the failure to file a proper claim.'" The court

ruled that the claimant's failure to answer all the Government's questions barred suit, and dismissed for lack of jurisdiction.

Rocha was allegedly injured in a fall at an air force base. He executed a standard claim form. The Government requested certain medical bills and reports which apparently were in the custody of Rocha's insurance carrier, who did not respond to Rocha's repeated requests to return copies to him. By the time the insurer provided Rocha with the information, the Government had denied the claim for failure to furnish "required supporting evidence." The district court held that the failure to provide a fully documented administrative claim was a jurisdictional bar to the suit, citing Rothman, supra; Kornbluth v. Savannah, 398 F.Supp. 1266 (E.D.N.Y.1975); and Cummings v. United States, 449 F.Supp. 40 (D.Mont.1978).

We hold it was error in both cases to dismiss the federal tort claim suits for lack of jurisdiction, and we reverse.

■ A claim is presented properly to an agency within the meaning of 28 U.S.C. § 2675(a) when the agency is given sufficient written notice to commence investigation, and the claimant places a value on the claim. This is the definition used by the Fifth Circuit in Adams v. United States, 615 F.2d 284 (5th Cir.), on rehearing, 622 F.2d 197 (5th Cir. 1980). The Sixth Circuit has also adopted the Adams formulation, although, perhaps, suggesting a different application of it than that intended by the Fifth Circuit. See Douglas v. United States, 658 F.2d 445 (6th Cir. 1981); see also Erxleben v. United States, 668 F.2d 268 (7th Cir.); Hoaglan v. United States, 510 F.Supp. 1058 (N.D.Ia.1981).

Agreement that "notice" and claim for a "sum certain" is a jurisdictional requirement has not ended the problems in applying section 2675 for it does not answer what notice is sufficient. The Fifth Circuit in Adams held that "minimal notice" was all that was required, as further indicated by the phrase, "notice sufficient to enable the agency to investigate." Id., 615 F.2d at 289. The Sixth Circuit in Douglas, while

purporting to adopt the Adams interpretation of section 2675, suggested that notice required rather full documentation. Douglas, 658 F.2d at 448. The Douglas court sought to harmonize the Adams case and an earlier First Circuit case, Swift v. United States, 614 F.2d 812 (1st Cir. 1980), which had adopted the position relied on by the Government in the cases before us. With deference, we do not believe that the views of the First and Fifth Circuits are consistent. We decide, for the reasons expressed in this opinion, that the view of the Fifth Circuit is the proper one.

The language of the statute is ambiguous with respect to the kind of claim that must be submitted before suit in district court is authorized. 28 U.S.C. § 2675(a) states:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim. (Emphasis added)

The statute on its face does not provide a clear answer to the problem before us, but the legislative history indicates that a skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices to overcome an argument that jurisdiction is lacking. The Senate Report on the 1966 amendment which created the present administrative claim requirement

expressed an intent to follow statutory precedents requiring claims against municipalities as a prerequisite to suit against them. Congress understood these statutory precedents as requiring only skeletal notice. *See* S.Rep.No.1327, 89th Cong. 2d Sess. 3–4; [1966] U.S.Code Cong. & Ad.News 2515, 2517. The District of Columbia code section particularly cited in the legislative history required only "notice" and "a claim for money damages in connection therewith." S.Rep. at 4; [1966] U.S.C.A.N. at 2517. McQuillin's *Municipal Corporations*, the treatise relied on by the congressional draftsmen, states the minimal nature of the notice required by these statutory precedents:

> In claims for damages for injury to persons or property the usual requirement is that the notice or statement shall contain a *brief general description of the time, place, cause and general nature of the injury, and often the amount of compensation* or other relief demanded. (Emphasis added)

17 McQuillin, *Municipal Corporations* § 4807 (3d ed. 1968) at 89–90.

■ Section 2675(a) was not intended to allow an agency to insist on proof of a claim to its satisfaction before the claimant becomes entitled to a day in court. To so hold would permit federal defendants to be judge in their own cause by the initial determination of a claim's insufficiency. The result would not be consistent with the congressional purpose of "providing for more fair and equitable treatment of private individuals and claimants when they deal with the Government." S.Rep. at 2; [1966] U.S.C.A.N. at 2515–16.

The regulations promulgated under the Federal Tort Claims Act, 28 C.F.R. Part 14 (1980), also suggest that a claim with the bare essentials suffices for the purposes of section 2675(a). 28 C.F.R. § 14.2(a) states, in relevant part:

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed *standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. (Emphasis added)

The Government does not contend that either Avery or Rocha failed to execute standard claim Form 95.

■ The Government attempts to extend the definition of claim by citing a different portion of the regulations, 28 C.F.R. § 14.4. Those provisions, however, were promulgated pursuant to section 2672 of the Act dealing with the agencies' settlement authority, and do not interpret the claims section, section 2675(a). We therefore reject the argument that a claimant must comply with the regulations in section 14.4 to meet the jurisdictional requirement of "presenting a claim."

It would also be an inefficient use of judicial resources to require more than minimal notice to satisfy section 2675(a). Since the claims presentation requirement is jurisdictional, if it were interpreted to require more than minimal notice, there would be, inevitably, hearings on ancillary matters of fact whenever the agency rejected a claim as incomplete. Although the congressional intent is clear, the inefficiency of the Government's proposed resolution is an additional argument against it.

Thus, we hold that where a claimant gives notice of the manner and general circumstances of injury and the harm suffered, and a sum certain representing damages, he has complied with section 2675(a). Since the courts below did not apply the correct legal standard, and the claim was presented to the appropriate agency as required by statute, we reverse in both cases and remand for further proceedings. The parties will bear their own costs on appeal.

REVERSED and REMANDED.