Parrish Ian CHARLTON,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 83–2444.

United States Court of Appeals,
Seventh Circuit.

Submitted July 25, 1984.*

Decided Sept. 12, 1984.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

**558**

[black bar]

Lowell B. Komie, John L. Gubbins, Chicago, Ill., for plaintiff-appellant.

Dan K. Webb, U.S. Atty., Chicago, Ill., for defendant-appellee.

Before WOOD, CUDAHY, and ESCHBACH, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Parrish Ian Charlton appeals from the dismissal of his suit filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.* The case presents the issue whether failure to comply with agency requests for further information constitutes a failure to exhaust administrative remedies and, consequently, is a jurisdictional bar to a suit filed under the Federal Tort Claims Act. For the following reasons, we conclude that there is no jurisdictional bar; therefore, we reverse the district court's dismissal of plaintiff's second count and remand for further proceedings.

Plaintiff Charlton, a Vietnam veteran, was treated at two different Veteran Administration (hereinafter "V.A.") hospitals. In the fall of 1979, plaintiff was admitted to the V.A. hospital in Nashville, Tennessee and underwent surgery for a pilonidal cyst. Charlton asserts that the surgery never healed properly and therefore required subsequent treatments, hospitalizations and surgery, including a stay at the V.A. hospital in Indianapolis in January, 1981.

Charlton felt that the V.A. hospitals treated his ailments improperly and, consequently, engaged the services of an attorney. The attorney filed two separate claims on behalf of Charlton pursuant to the Federal Tort Claims Act. Both claims, one directed at the Nashville hospitalization and one directed at the Indianapolis hospitalization, were filed with the V.A. on January 21, 1982. The V.A. denied Charlton's claim with respect to the Nashville hospital-

ization by letter dated June 2, 1982. On February 22, 1982, a representative of the V.A. contacted Charlton's attorney for further information regarding Charlton's claim concerning the Indianapolis hospitalization. By letter dated February 24, 1982, Charlton's attorney notified the V.A. representative that he had withdrawn from the case. Further correspondence from the V.A. was directed to Charlton himself. The V.A. representative requested information from Charlton through letters dated April 1, 1982 and May 18, 1982. Charlton never responded and the V.A. denied the second claim by letter dated July 21, 1982.

The record is silent as to what occurred from the date of the denial until January 14, 1983 when Charlton, after some searching, hired his present counsel. Counsel filed suit in federal court on January 17, 1983. After the United States filed a motion to dismiss, to which plaintiff's counsel did not respond, the district court granted the defendant's motion. Plaintiff appeals asserting that he has complied with the statutory requirements of the Federal Tort Claims Act and that the district court erred in dismissing both counts of his complaint. We will address each asserted error in turn.

[black bar] As to the dismissal of the first count of plaintiff's suit, relating to his treatment in Nashville, we find no error. The claim was denied by letter dated June 2, 1982. A suit must be filed in court within six months of a denial of the claim by the federal agency charged with a tort. 28 U.S.C. § 2401(b). Failure to file within six months of the denial divests the federal district court of jurisdiction. *Stewart v. United States*, 655 F.2d 741 (7th Cir.1981); *Best Bearings Co. v. United States*, 463 F.2d 1177 (7th Cir.1972). The Federal Tort Claims Act is a congressional waiver of sovereign immunity, and a plaintiff's failure to comply with the requirements of the Act leaves the plaintiff with no forum for his or her claim. *Erxleben v. United States*, 668 F.2d 268 (7th Cir.1981). Plaintiff in the instant case did not file suit within six months of the date of the denial

letter; consequently, the district court appropriately dismissed the claim, filed with regard to the Nashville hospitalization, for lack of subject matter jurisdiction.

■ Plaintiff's lawsuit, however, was filed within six months of the date of the denial letter relating to plaintiff's Indianapolis hospitalization. The suit was filed in a timely manner and, therefore, the issue presented with respect to plaintiff's second count is whether plaintiff's failure to answer the V.A.'s letters requesting further information requires dismissal of his suit. We conclude that it does not so require.

Defendant asserts that the plaintiff, by failing to comply with the agency's request for further information, as authorized by regulations promulgated pursuant to the Federal Tort Claims Act, 28 C.F.R. § 14.-4(b), has not exhausted his administrative remedies and therefore is barred from filing suit. Section 14.4(b) allows an agency to request certain information deemed necessary to settle a claim. The defendant argues that this court should incorporate the regulation's obligations into the 28 U.S.C. § 2675(a) jurisdictional requirement that the "claimant shall have first presented the claim to the appropriate federal agency ...." [1]

■ Many courts, including this one, agree that the § 2675(a) requirement of first presenting the claim to the appropriate federal agency includes the giving of sufficient notice to enable the agency to investigate the claim and the setting of a "sum certain." [2] These two elements, suf-

---

1. The relevant statute and regulation read as follows:

28 U.S.C. § 2675. Disposition by federal agency as prerequisite; evidence.

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 C.F.R. § 14.4. Administrative claims; evidence and information to be submitted.

(b) Personal injury. In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:

(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.

(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.

(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.

(4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.

(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amounts of earnings actually lost.

(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

2. The requirement of setting a "sum certain" is set forth in 28 C.F.R. § 14.2(a). This court has recognized the "sum certain" requirement as being a "condition precedent" to a federal court's jurisdiction over a suit. *Erxleben v. United States,* 668 F.2d at 271; *Best Bearings Co. v. United States,* 463 F.2d at 1175. Other courts have specifically incorporated § 14.2(a) into the § 2675(a) requirement. *Molinar v. United States,* 515 F.2d 246, 248–49 (5th Cir.1975); *Ca-*

ficient notice and "sum certain," are necessary for institution of a federal court suit. A notice not meeting these two requirements is invalid and a suit cannot be based upon an invalid request. A federal court lacks jurisdiction of a suit filed pursuant to an insufficient request. *Erxleben v. United States; see also Keene v. United States,* 700 F.2d 836, 841–42 (2d Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

▮ The question remains, however, whether the condition precedent to jurisdiction of presenting a claim incorporates the requirement of 28 C.F.R. § 14.4(b), as defendant argues that it does. Defendant relies on the reasoning of the First Circuit in *Swift v. United States,* 614 F.2d 812 (1st Cir.1980). In *Swift,* the counsel for claimant ignored the agency's request for information. After six months had passed, counsel filed suit in federal court pursuant to the language of § 2675 allowing a claimant to file suit at his or her option if the agency does not act within six months. The court concluded that the failure to comply with the agency's request constituted a failure to exhaust administrative remedies and precluded filing suit; the suit was premature. The *Swift* case is distinguishable from the instant case because in *Swift* the agency had not finally denied the plaintiff's claim while waiting for the requested information. In the present case, the V.A. refused to wait for the further information after not receiving a response from the claimant and just denied the claim. Plaintiff in the instant case filed within six months of the denial as authorized by the statute. 28 U.S.C. § 2675. Although the cases are factually distinguishable, we do not rest our decision on that ground. Upon a review of other circuit court cases that reached a conclusion con-

trary to that of the First Circuit, we conclude that we concur with the decisions of those courts.

Several circuits have held that the failure to supply requested additional information, where the notice to the agency contained all the required elements of a claim, was not a bar to filing a federal court suit. *Avery v. United States,* 680 F.2d 608 (9th Cir.1982); *Tucker v. United States Postal Service,* 676 F.2d 954 (3d Cir.1982); *Douglas v. United States,* 658 F.2d 445 (6th Cir.1981); *Adams v. United States,* 615 F.2d 284, *modified,* 622 F.2d 197 (5th Cir. 1980).[3] These circuits have concluded that a claimant's failure to comply with agency requests for further information, as authorized by 28 C.F.R. § 14.4(b), does not deprive a federal court of jurisdiction.

In *Adams v. United States,* the Fifth Circuit expressly held that the regulations promulgated pursuant to 28 U.S.C. § 2672, specifically 28 C.F.R. § 14.4(b), were not incorporated into the requirements of 28 U.S.C. § 2675. The Fifth Circuit distinguished § 2672 from § 2675 by defining § 2672 and the regulations promulgated pursuant to that section as a settlement procedure. Section 2675, on the other hand, sets a condition precedent to jurisdiction in the federal court. By looking to the differing purposes of the two sections, the Fifth Circuit concluded that § 2672 and its attendant regulations are distinct from § 2675 and not incorporated therein. The Fifth Circuit noted that while it may be rational and expeditious for a claimant to comply with the settlement provisions of § 2672, "[a] claimant's refusal to settle his or her claim will not deprive the federal court of jurisdiction, if the claimant has provided the statutorily required notice ... Congress clearly did not deem settlement mandatory." *Id.* at 291. The Fifth Circuit

---

ton v. United States, 495 F.2d 635 (9th Cir.1974). The Fifth Circuit in the later *Adams* case questions whether § 2675 does, in fact, incorporate § 14.2(a) and concludes that § 2675 by its own terms requires the placing of a dollar amount on damages. *Adams v. United States,* 615 F.2d 284, 291–92 n. 15, *modified,* 622 F.2d 197 (5th Cir.1980).

**3.** The Second Circuit has not spoken to this issue, *see Keene v. United States,* 700 F.2d at 841 n. 8, although a district court in that circuit has concurred with the conclusion of the circuits listed above. *Blue v. United States,* 567 F.Supp. 394 (D.Conn.1983).

also concluded that "[n]oncompliance with section 2672 deprives a claimant of the opportunity to settle his or her claim out of the courts." *Id.* at 290. Compliance with the settlement procedures could lead to avoidance of court costs on the part of a claimant. Although, technically, the procedures set forth in § 2672 and the regulations are not merely settlement procedures, we agree with the Fifth Circuit's reasoning for the purpose of determining whether compliance with the regulations is jurisdictional.

Furthermore, were we to conclude that compliance with the regulations was jurisdictional, we would be creating the anomalous situation whereby an agency could prevent a claimant from going to court by forever requesting additional information. An agency cannot prevent litigation by requesting more information pursuant to 28 C.F.R. § 14.4(b) and, upon failure of a claimant to provide the information, insist that the claim was insufficient thereby precluding court action. As the Ninth Circuit noted

> section 2675(a) was not intended to allow an agency to insist on proof of a claim to its satisfaction before the claimant becomes entitled to its day in court. To so hold would permit federal defendants to be judge in their own cause by the initial determination of a claim's insufficiency. The result would not be consistent with the congressional purpose of "providing for more fair and equitable treatment of private individuals and claimants when they deal with the Government." S.Rep. at 2; [1966] U.S.C.A.N. at 25–15–16.

*Avery v. United States,* 680 F.2d at 611.[4] The statute, by its terms, makes clear that a claimant should be able to file suit within six months of filing a claim with or without agency action. Incorporation of the regulations into § 2675 would allow an agency to circumvent this congressionally mandated time limit. We are hesitant to allow such a result by holding that compliance with the regulations is a jurisdictional prerequisite. All that § 2675 requires is minimal notice and a request for a "sum certain"; there is no other exhaustion requirement in the statute itself. *Avery v. United States,* 680 F.2d at 611; *Adams v. United States,* 615 F.2d at 292.

While we find the First Circuit's reasoning in *Swift v. United States* persuasive, we do not concur in its conclusion. We concede that it makes sense to allow an agency to pursue a claim prior to allowing a claimant to sue. Additionally, failure to comply with an agency's legitimate requests should not be condoned. We conclude, however, that the Fifth and Ninth Circuits' reading of the statute is correct and hold that § 2675 and the statutory requirement of "presenting a claim" merely requires the filing of minimal notice and the setting of a "sum certain." The establishment of more stringent exhaustion requirements, should they appear desirable, is better left to Congress.

■ In the instant case, although the claimant neglected to comply with the V.A.'s requests, there is no allegation that he failed to provide the agency with notice or a request for a "sum certain." Because he has fulfilled the requirements of § 2675 and has filed suit within six months of the agency denial of his claim, his claim of V.A. malpractice at the Indianapolis facility may proceed. The dismissal of that claim for failure to exhaust administrative remedies was erroneous.[5]

**4.** We do not mean to imply that the government's requests for more information were unreasonable; they were not. The Ninth Circuit's concerns point to the worst possible scenario. Nor do we mean to condone Charlton's complete failure to respond to these requests. We do not know why Charlton failed to respond as the record is silent as to any reason for the neglect. Whether it was his lack of counsel or non-receipt of the letters or simply a failure to respond, we can only guess at the reasons. We merely conclude that the failure to respond to an agency's request for information is not a bar to bringing the claim in federal court.

**5.** Defendant-appellee asserts that plaintiff waived this claim by failing to present the issue of exhaustion to the district court, indeed, by failing to present anything to the district court. The district court decision was erroneous as a matter of law, and we can reverse the decision

For the foregoing reasons, we conclude that the district court appropriately dismissed plaintiff's first count as untimely. The district court improperly dismissed plaintiff's second count for failure to exhaust his administrative remedies. Plaintiff has complied with the necessary exhaustion requirements and filed suit in a timely manner. Accordingly, the dismissal of plaintiff's first count is affirmed, and the dismissal of the second count is reversed and remanded with instructions to reinstate the complaint.

despite counsel's failure to respond to the mo-  tion to dismiss.