**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDAN KUKLOK, | No. 21-15105 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-02958-DMR |
| v. | |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding[**]

Submitted January 19, 2022[***]

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Brendan Kuklok appeals pro se from the district court's judgment dismissing

his action alleging claims under the Federal Tort Claims Act ("FTCA"), Privacy

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act ("PA"), and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011) (dismissal on the basis of the statute of limitations); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (dismissal on the basis of lack of jurisdiction due to failure to exhaust). We affirm.

The district court properly dismissed Kuklok's claims alleging wrongful disclosure of his medical records because Kuklok failed to file his action within the applicable statutes of limitations and failed to allege facts sufficient to show that he was entitled to equitable tolling. *See* 5 U.S.C. § 552a(g)(5) (two-year statute of limitations under the PA); 28 U.S.C. § 2401(b) (two-year statute of limitations under the FTCA); *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc) (explaining elements necessary for equitable tolling); *Johnson*, 653 F.3d at 1010 (equitable tolling based on mental incompetence requires a plaintiff to show diligence in pursuing claims and to explain how the impairment made it impossible to meet a filing deadline).

To the extent Kuklok intended to allege a claim for breach of fiduciary duty based on allegations other than defendant disclosing Kuklok's medical records, the district court properly dismissed such a claim without prejudice for lack of subject matter jurisdiction because Kuklok failed to exhaust his administrative remedies. *See* 28 U.S.C. § 2675(a) (setting forth FTCA's administrative exhaustion

requirement); *Avery v. United States*, 680 F.2d 608, 611 (9th Cir. 1982) (§ 2675(a) requires "notice of the manner and general circumstances of injury and the harm suffered").

The district court did not abuse its discretion in denying Kuklok leave to file a fourth amended complaint because amendment would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Kuklok's motion for reconsideration because Kuklok failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**