TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; DR. JOSÉ ÁNGEL FRANCO, interventor.

Núm. 271.—*Sometido:* Agosto 26, 1952. *Resuelto:* Octubre 9, 1952.

*Hon. Procurador General Víctor Gutiérrez Franqui* y *J. C. Santiago Matos, Procurador General Auxiliar,* abogados del peticionario; *A. E. Franco Cabrero,* abogado del interventor, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

La cuestión a resolver en este recurso es si la pensión que recibe el doctor José Ángel Franco Soto por disposición de la Ley núm. 153, aprobada el día 9 de mayo de 1945 y en vigor desde el día primero de dicho mes y año, está o no exenta del pago de contribución sobre ingresos.

No hay disputa alguna en cuanto a los hechos envueltos en el caso. Éstos pueden resumirse en la siguiente forma: El doctor José Ángel Franco Soto prestó servicios como médico al Gobierno de Puerto Rico, por un período de 27 años, de los cuales sirvió 24 años consecutivos como Director del Centro Antituberculoso de Río Piedras. En consideración y reconocimiento a estos servicios al Pueblo de Puerto Rico, nuestra Legislatura pasó una ley especial, concediéndole una pensión, al retirarse del servicio activo, por una suma igual a las tres cuartas partes del sueldo que estuviera percibiendo a la fecha de su retiro. Esta es la Ley núm. 153, aprobada en 9 de mayo de 1945.[1] Antes de aprobar dicha ley, el Gobernador de Puerto Rico exigió prueba de la edad del Doc-

[1] El texto completo de la Ley núm. 153 de 1945 (pág. 521), lee como sigue:

"Sección 1.—El Doctor J. A. Franco Soto ha estado sirviendo al Pueblo de Puerto Rico durante un período de 27 años. Cuando se iniciaron los estudios de la anemia en Puerto Rico, en unión a los Doctores Bailey K. Ashford, Gutiérrez Igaravídez y González Martínez, permaneció durante tres años en este servicio. Ha permanecido durante veinticuatro años consecutivos desempeñando el cargo de Director del Sanatorio Antituberculoso de Río Piedras y luego de haber rendido labor tan meritoria, desea retirarse del servicio activo.

"Sección 2.—En consideración y reconocimiento a este largo período de leales y eficientes servicios al Pueblo de Puerto Rico, por la presente se autoriza y ordena al Auditor y al Tesorero de Puerto Rico, a pagar al Doctor J. A. Franco Soto al retirarse del servicio activo, de cualesquiera fondos en el Tesoro Insular no asignados para otras atenciones y para pagarse por mensualidades, una suma igual a las tres cuartas partes del sueldo que por ministerio de la ley esté percibiendo en la fecha de su retiro.

"Sección 3.—Toda ley o parte de ley que se oponga a la presente, queda por ésta derogada.

"Sección 4.—Esta Ley empezará a regir el día primero de mayo de 1945."

tȯr Franco Soto y de su estado físico mediante certificación expedida por el médico que certifica sobre el estado de salud de los empleados del Gobierno Insular que aspiran a retirarse del servicio. Para la fecha de la aprobación de la mencionada Ley núm. 153, el Doctor Franco Soto tenía 72 años de edad y por razón de su edad y los años de servicio hubiera podido retirarse bajo las disposiciones de la Ley general de Retiro vigente entonces, que lo era la número 23 de 16 de julio de 1935 ((2) pág. 127), según enmendada. El día 14 de junio de 1945 el Doctor Franco Soto presentó su renuncia como Director del Sanatorio Antituberculoso de Río Piedras para ser efectiva el día 30 del mismo mes y año(2) y se acogió a los beneficios de la Ley núm. 153 de 1945.

En su declaración sobre ingresos correspondiente al año contributivo de 1947, el Doctor Franco Soto reclamó una exención por la suma de $3,000 que había recibido en dicho año como pensión concedídale por la susodicha Ley núm. 153. El Tesorero de Puerto Rico rechazó la exención así reclamada y en su consecuencia le notificó una deficiencia para el

---

(2) La carta de renuncia lee como sigue:

"Santurce, P. R., Junio 14, 1945.

"Del : Dr. A. Franco Soto
    Director Sanatorio Antituberculoso
    Río Piedras, P. R.
"Al  : Hon. Comisionado de Sanidad
"P/C : Jefe, Negociado de Tuberculosis
"Honorable Señor:

"Sírvase aceptar mi renuncia como Director del Sanatorio Antituberculoso de Río Piedras para tener efecto el día 30 de junio del corriente año.

"El motivo de esta renuncia se basa en tratar de que se ponga en vigor la Ley núm. 153 que me concede el retiro, en virtud de la Ley núm. 191 de la Cámara Legislativa aprobada por ambas Cámaras y firmada por el Gobernador y convirtiéndose en Ley con el número 153.

"Cualquier entorpecimiento que pudiera haber para que la Ley núm. 153 se pusiese en vigor, entonces esta renuncia no tendría efecto.

"Atentamente,
(firmado) Dr. A. Franco Soto<br>"Dr. A. Francò Soto<br>"Director<br>"Sanatorio Antituberculoso<br>"Río Piedras, P. R."

referido año montante a $363.48. No conforme, se querelló el Doctor Franco Soto ante el Tribunal de Contribuciones, el cual, después de celebrar la vista del recurso en sus méritos y fundándose en los hechos que dejamos expuestos, resolvió por sentencia de 20 de junio de 1950, que la pensión concedida al Doctor Franco Soto a virtud de la Ley núm. 153 de 1945 estaba exenta del pago de contribución sobre ingresos. A petición del Tesorero de Puerto Rico expedimos un auto para revisar la resolución del Tribunal de Contribuciones.

Al establecerse el sistema de retiro de los empleados del Gobierno Insular por virtud de la Ley núm. 23 de 16 de julio de 1935, se dispuso expresamente en su sección 17 que las pensiones pagadas bajo dicha ley estarían exentas de tributación. A falta de dicha disposición tales pensiones estarían sujetas al pago de contribuciones sobre ingresos. Ello es así porque compensación recibida por servicios personales constituye ingreso tributable bajo la sección 15 (*a*) (³) de la Ley de Contribuciones sobre Ingresos. Véanse también casos citados en 27 Am. Jur. 339, escolio 19. Se ha resuelto asimismo, que pensiones por concepto de retiro (*retirement allowances*) constituyen ingreso tributable. *Hooker* v. *Hoey*, 27 F.Supp. 489, confirmado *per curiam* en 107 F.2d 1016; *Jones* v. *Commissioner*, 2 T.C. 924; *Wolf* v. *Commissioner*, 8 T.C. 689; *Inland Steel Co.* v. *N.L.R.B.*, 170 F.2d 247; Anotación 89 L.ed. 840; Mertens' *Federal Law of Income Taxation*, sección 8.09, pág. 392.

El problema surge en este caso porque (*a*) el interventor Doctor Franco Soto no se acogió a la Ley general de Retiro de 1935 aun cuando por razón de edad y de años

---

(³) Dicha sección lee así:

"El término 'ingreso bruto' incluye ganancias, beneficios o ingresos derivados de sueldos, jornales, o *compensación por servicios personales* (incluyendo el caso de funcionarios y empleados de El Pueblo de Puerto Rico . . . la retribución que como tales reciban) *de cualquier clase y cualquiera que sea la forma en que se paguen . . .*" (Bastardillas nuestras.)

de servicio pudo haberlo hecho y (*b*) la ley especial concediéndole una pensión por virtud de retiro—Ley núm. 153 de 9 de marzo de 1945—nada dispuso en cuanto a si dicha pensión estaría o no exenta de tributación.

El Tribunal de Contribuciones resolvió que en vista de que la Ley núm. 153 no autorizó el retiro del Doctor Franco bajo condiciones distintas a las exigidas por la Ley general de Retiro, con excepción de la cuantía de la pensión, "la naturaleza y fines públicos y sociales de la pensión que recibe el Doctor Franco no son distintas a la naturaleza y fines públicos y sociales de las pensiones que otorga el Gobierno a través de la ley general; y por lo tanto, no habría razón para sostener que la primera tributa y las otras no.".   No estamos conformes.   Las pensiones concedidas por la Ley general de Retiro de 1935, no tributan porque así lo dispuso expresamente dicha ley en su sección 17.   Concluir que la pensión concedida al interventor por la Ley núm. 153, está exenta de tributación por las razones apuntadas por el tribunal a quo, equivale a establecer, por inferencia, una exención contributiva.   Ello no puede hacerse.   En repetidas ocasiones hemos dicho que las exenciones contributivas no pueden inferirse.   *Tesorero* v. *Tribl. Contribuciones y Destilería Serrallés*, 70 D.P.R. 225; *Ochoa Fertilizer* v. *Tribl. Contribuciones*, 68 D.P.R. 424; *Puerto Rico Ilustrado* v. *Buscaglia, Tes.*, 64 D.P.R. 914.   Por otro lado, cuando el interventor se acogió a la ley especial, perdió el derecho al retiro bajo las disposiciones de la Ley núm. 23 de 16 de julio de 1935, mientras esté disfrutando de los beneficios de la ley especial.   Sección 12 (*a*) de la mencionada Ley de Retiro, según enmendada por la Ley núm. 16 de 22 de septiembre de 1948.([4])   No puede, pues, invocar a su favor la referida ley de 1935.

---

([4]) La Ley núm. 118 aprobada en 12 de mayo de 1943 (pág. 353) adicionó la sección 12 (*a*) a la Ley núm. 23 de 16 de julio de 1935.   Dicha sección leía así:

"Sección 12 (*a*).—Todo funcionario o empleado del Gobierno Insular de Puerto Rico acogido a los beneficios de la Ley núm. 23, de 16 de julio de 1935, según la misma ha sido enmendada posteriormente, a quien se le

■■ El Tribunal de Contribuciones resolvió también que "aun asumiendo que no existiera exención expresa del pago de contribuciones en la Ley general de Retiro, todavía surgiría el hecho de que estas pensiones aparentemente no constituirían ingreso tributable a la luz de la sección 15 de la Ley de Contribuciones sobre Ingresos", y cita en apoyo de su criterio el caso de *Tesorero* v. *Tribl. Contribuciones y Vda. Obén*, 70 D.P.R. 493.

En primer lugar diremos que la Ley núm. 153 concedió al interventor una pensión en consideración y reconocimiento a un largo período de leales y eficientes servicios prestados por él al Pueblo de Puerto Rico. Tal pensión constituye pues, compensación por servicios prestados.

En el caso de *Obén*, supra, una compañía concedió una pensión a la viuda de un viejo empleado suyo. La prueba en dicho caso demostró que la recipiente de la pensión nunca prestó servicios personales de clase alguna a la compañía y que ésta no tenía ningún plan de pensiones para sus empleados ni existía obligación contractual alguna de pasarles una pensión a sus viudas. Resolvimos que bajo tales circunstancias, dicha pensión constituía una donación exenta del pago

---

concediere pensión, retiro o jubilación a virtud de legislación especial y que disfrutare de los beneficios de tal legislación especial, y que reciba como jubilación las tres cuartas (¾) partes del sueldo de que disfrutaba perderá el derecho al retiro bajo las disposiciones de la referida Ley núm. 23 de 1935, mientras disfrute de los beneficios de la ley especial y también todo derecho a que se le reintegre el importe con que haya contribuído al Fondo de Retiro y sus intereses."

Esta sección fué enmendada por la Ley núm. 16 de 22 de septiembre de 1948 ((2) pág. 289). La enmienda consistió en eliminar lo referente a las tres cuartas (¾) partes del sueldo, y a sustituir la palabra "pensión" por "beneficio". Lee así dicha sección:

"Sección 12(a).—Todo funcionario o empleado del Gobierno Insular de Puerto Rico acogido a los beneficios de la Ley núm. 23 de 16 de julio de 1935, según la misma ha sido enmendada, a quien se le concediera beneficio, retiro o jubilación a virtud de la legislación especial y que disfrutare de los beneficios de tal legislación especial perderá el derecho al retiro bajo las disposiciones de la referida Ley núm. 23 de 16 de julio de 1935, mientras disfrute de los beneficios de la ley especial y perderá también todo derecho a que se le reintegre el importe con que haya contribuído al Fondo de Retiro y sus intereses."

de contribución sobre ingresos. Dijimos entonces que el factor determinante en cuanto a si en un caso de esta naturaleza existe una compensación que constituye ingreso bajo la ley, es la intención de las partes y especialmente la de aquélla que efectúa el pago. Argüimos que aun la opinión disidente en el caso de *Bogardus* v. *Commissioner*, 302 U.S. 34, está conteste en que "Lo que prevalece es la intención con que el pago, no empece cuán voluntario, haya sido hecho. ¿Ha sido hecho con la intención de que servicios rendidos en el pasado serán satisfechos más completamente aun cuando hayan sido pagados? Si es así, tributa. ¿Ha sido hecho para demostrar buena voluntad, estimación o benevolencia hacia personas que han servido pero a quienes se les paga sin pensar en conceder una compensación por el servicio? Si es así, está exenta." Luego dijimos que la misma pauta seguida para determinar la distinción existente entre compensación y donación, es aplicable a casos de pensiones.

El Tesorero de Puerto Rico arguye que el artículo 70 del Reglamento de Contribuciones sobre Ingresos([5]) ha sufrido un cambio interpretativo en virtud del cual se entiende que el factor determinante para la exención contributiva no es el hecho de si el contribuyente ha prestado servicios, sino el hecho de si el patrono ha recibido servicios.

Cualquiera que sea la interpretación que demos a la referida disposición del artículo 70 del Reglamento, el caso de autos cae fuera de dicha disposición, porque aquí el contribuyente [Doctor Franco] prestó servicios y los mismos fueron recibidos por el patrono que le concedió la pensión [El Pueblo de Puerto Rico]. No ocurrió así en el caso de *Obén*,

---

([5]) La parte pertinente de dicho artículo dispone:

". . . . . Sin embargo, las llamadas pensiones otorgadas por uno a quien no le han sido rendidos servicios son meros donativos o dádivas y no son tributables."

Véase en cuanto a la interpretación de la anterior disposición reglamentaria, *Varnedoe* v. *Allen*, 158 F.2d 467, certiorari denegado en 330 U. S. 821; el I.T. 3329 y el I.T. 4027. Véase, además, Mertens' *Federal Law of Income Taxation*, Vol. 1, sección 8.09, pág. 239 (1952 *Cumulative Pocket Supplement*).

supra. Del propio texto de la Ley núm. 153, que concede la pensión al Doctor Franco, se deduce que fué la intención del legislador satisfacer más completamente los servicios ya prestados por él. Siendo ello así y en ausencia de una disposición expresa del legislador eximiéndole, dicha pensión constituye ingreso tributable.

*La resolución del Tribunal de Contribuciones será revocada y se dictará sentencia desestimando la querella.*

El Juez Presidente Señor Todd, Jr., no intervino.