**Miguel CORTE–REAL, Plaintiff, Appellant,**

v.

**UNITED STATES of America, Defendant, Appellee.**

No. 91–1309.

United States Court of Appeals, First Circuit.

Heard Sept. 6, 1991.

Decided Oct. 2, 1991.

Maria Medeiros Wall, with whom Stephen M. Rappoport and Rappoport, Audette, Bazar & Farley, were on brief, East Providence, R.I., for plaintiff, appellant.

Annette Forde, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief, Boston, Mass., for the U.S.

Before CAMPBELL and SELYA, Circuit Judges, and ALDRICH, Senior Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiff-appellant, Miguel Corte–Real, appeals from the order of the United States District Court for the District of Massachusetts granting the United States' motion for summary judgment. The district court held that plaintiff's tort claim against the United States could not be maintained because plaintiff, failing to state a "sum certain" in his administrative submission, had not properly presented the administrative claim within the prescribed two-year period. The sole question on appeal is whether plaintiff satisfied the requirement that a tort claimant against the United States first present a timely claim for a "sum certain" to the appropriate administrative agency. We hold that plaintiff's administrative claim, while containing improper qualifying language in one of the boxes, did state a sum certain and was properly presented.

## I. BACKGROUND

Plaintiff Miguel Corte–Real allegedly injured his right wrist on February 1, 1987 when he slipped and fell on the ice while working as a security guard at a federal warehouse. At the time, plaintiff was an employee of a private company under contract with the General Services Administration ("GSA"). On January 12, 1989, plaintiff completed a Standard Form 95 ("SF95"), *Claim For Damage, Injury, or Death,* on which he claimed damages for his injury. We set out in the margin a copy of this form as submitted by plaintiff. In Section 10(B) of the SF95, which requires the claimant to state the amount (*in dollars*) of his claim attributable to personal injury, plaintiff wrote, "$100,000 plus because still treating and out of work." In response to Section 10(D), however, which asks for the total amount (*in dollars*) of the claim, plaintiff wrote "$100,000," without qualification. Plaintiff attached to the SF95 copies of medical records and bills substantiating his injury.

By letter dated February 8, 1989—approximately one week after the two-year statute of limitations for filing an administrative claim had run out—GSA notified plaintiff's counsel that the claim had been improperly filed because it did not state a sum certain. By letter dated February 17, 1989, plaintiff's counsel advised GSA that he was considering the February 8, 1989 letter a denial of plaintiff's claim and that suit would be filed. On August 2, 1989, plaintiff brought an action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* In the district court the Government moved to dismiss the action for lack of subject matter jurisdiction, alleging plaintiff had failed to properly present a claim to the appropriate agency within the statutory period. In the alternative, the Government moved for summary judgment. The district court granted summary judgment finding that plaintiff's administrative claim was fatally defective. This appeal followed.

## II. DISCUSSION

The FTCA is a limited waiver of sovereign immunity which allows an injured party to sue the United States for torts committed by federal employees. Prior to commencing an action against the United States under the FTCA, a claimant must have first presented the claim to the appropriate federal agency and the claim must have been denied. 28 U.S.C. § 2675.[1] A tort claim against the United States is forever barred unless properly presented in writing to the appropriate agency within two years after its accrual. 28 U.S.C. § 2401(b).[2] To be properly presented, the damages claim must be in a "sum certain." 28 C.F.R. § 14.2(a).[3] The requirements that a claimant timely present a claim, in writing, stating a sum certain are prerequisites to a federal court's jurisdiction to entertain a suit against the United States

---

**1.** 28 U.S.C. 2675(a) provides in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.... The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

**2.** 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writ-

ing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented.

**3.** 28 C.F.R. § 14.2(a) provides in pertinent part:

For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident....

under the FTCA. *See Gonzalez–Bernal v. United States,* 907 F.2d 246, 248 (1st Cir. 1990); *Lopez v. United States,* 758 F.2d 806, 809 (1st Cir.1985); *see also GAF Corp. v. United States,* 818 F.2d 901 (D.C.Cir. 1987); *Martinez v. United States,* 728 F.2d 694, 697 (5th Cir.1984).

▇ The Government contends that plaintiff's assertion in Section 10(B) of SF95 that the dollar amount of his claim was "$100,000 plus because still treating and out of work" caused the entire claim to fail the sum certain requirement, because the language communicated an intent to supplement the claim at a later date. The Government concludes that plaintiff's claim was never properly presented within the statutory two-year period. As a consequence, plaintiff was "forever barred" from asserting the tort claim against the United States, and the district court was deprived of jurisdiction to render a judgment in the action. 28 U.S.C. § 2401(b). According to the Government, the legislative purpose of the sum certain requirement—namely to encourage settlement and apprise the Government of its maximum possible liability—would be defeated if claimants were permitted to make indefinite statements about the amounts of their claims.

We agree fully with the Government as to the importance and absolute necessity of adherence to the sum certain requirement. We disagree, however, that plaintiff's SF95, as submitted, was so deficient as to fall outside the parameters of that requirement. The SF95 did, in fact, specify a sum certain—$100,000—in both boxes, and this figure was unqualified in the box stating the total amount of the claim. To be sure, when the $100,000 appeared in Section 10(B) it was unfortunately accompanied by language suggesting the possibility of a higher claim. The Government was entitled and indeed required, if it was to proceed with the claim, to disregard this. We think it should have done so. To throw out

the claim entirely, as other than one for a sum certain, was, on these facts, bureaucratic overkill.

The purpose of the administrative claim presentment requirements in Section 2675(b) and the applicable regulations is to give notice to the Government "sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all." *Lopez,* 758 F.2d at 809; *see also Reilly v. United States,* 863 F.2d 149, 172 (1st Cir. 1988).[4] As we stated in *Lopez,* the requirements of Section 2675(b) were "not intended to put up a barrier of technicalities to defeat [the] claims [of individuals wishing to sue the Government]." *Lopez,* 758 F.2d at 809; *see also GAF Corp.,* 818 F.2d at 917 ("in revising the procedures for filing claims, Congress manifested no interest whatsoever in restricting claimants' rights under the Federal Tort Claims Act or in restricting their access to the courts"); *Erxleben v. United States,* 668 F.2d 268, 273 (7th Cir.1981) ("the Federal Tort Claims Act is intended to provide a framework conducive to the administrative settlement of claims, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits").

Plaintiff's SF95 stated a sum certain with sufficient clarity to satisfy the statutory objectives of Section 2675 and the applicable regulations. Notwithstanding the inappropriate gloss in the "PERSONAL INJURY" box, plaintiff gave his *total* damages as $100,000 in the "TOTAL" box. The request for a *total* in 10(D) on the SF95 can most logically be understood as asking for the bottom line amount a claimant is seeking from the United States. Plaintiff's unequivocal response to this inquiry communicated a sum certain to which the Government could refer for purposes of investigation and determination of whether

---

**4.** The Senate Report to the 1966 Amendments to the FTCA, which added Section 2675, state that "the revised procedure was intended to ease court congestion and avoid unnecessary litigation, while making it possible for the Govern-

ment to expedite the fair settlement of tort claims asserted against the United States." S.Rep.No. 1327, 89th Cong., 2d Sess. 1–3 (1966) *reprinted in* 1966 U.S.Code Cong. & Admin.News 2515, 2516.

settlement was appropriate. *Lopez,* 758 F.2d at 809; *Reilly,* 863 F.2d at 172.

The Government argues that, despite the sum certain provided in the "TOTAL" box, the qualifying language used in the "PER-SONAL INJURY" box raised the risk that plaintiff might try to weasel additional damages from the United States at a later date. But if plaintiff had any such thought, he would be faced with the prohibition in 28 U.S.C. § 2675(b) against suing "for any sum in excess of the amount of the claim presented to the federal agency." [5] The definite dollar amount plaintiff stated—$100,000—"serves as a limitation on the amount of recovery." *Erxleben,* 668 F.2d at 272; *Adams by Adams v. United States Department of Housing and Urban Development,* 807 F.2d 318, 321 (2d Cir.1986). Any attempt by plaintiff to claim an amount in excess of $100,000, therefore, could only be based on the exceptions for "newly discovered evidence" or "allegation and proof of intervening facts" as provided in § 2675(b). Moreover, the Government could have avoided any perceived danger by notifying plaintiff that its acceptance of the claim was conditioned upon its understanding that $100,000 represented the sum certain value of the claim, or by requiring the plaintiff to amend his claim.[6] Where as here a claim clearly states a specific sum and meets the sum

certain requirement in all respects but for concern over the possible detraction of improper surplusage of this insubstantial variety, we see no reason not to strike the surplusage rather than the claim itself.

Several other circuits interpreting the sum certain requirement have likewise held that improper qualifying language added to a claim for damages need not invariably defeat the claim. In *Martinez v. United States,* the Fifth Circuit went so far as to hold that a claim for damages "in excess of $100,000" is in reasonable compliance with the sum certain requirement. 728 F.2d at 697. In *Erxleben v. United States,* the Seventh Circuit held that a claim for personal injury for "$149.42 presently" stated a sum certain where a definite amount was stated on the SF95 under "TOTAL." Finally, in *Adams by Adams,* 807 F.2d at 321, the Second Circuit held that a claim for damages "in excess of $1,000" was not fatally uncertain—to the extent of $1,000—to an otherwise adequate claim.[7] We need not endorse the result in each of these cases in order to find that the present submission was adequate to meet the sum certain requirement given, in particular, the unqualified $100,000 in the "TOTAL" box.

The Government cites the Ninth Circuit's decision in *Caton v. United States,* 495

---

5. Section 2675(b) provides that:

Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts relating to the amount of the claim.

6. The Government would certainly have been entitled to insist, so as to avoid future misunderstanding, that plaintiff promptly amend its administrative claim retroactively so as to delete the offensive language. Had the Government sought such an amendment, and had plaintiff refused, we would view the case quite differently. *See Swift v. United States,* 614 F.2d 812 (1st Cir.1980).

7. The Government suggests that the holding in *Keene Corp. v. United States,* 700 F.2d 836 (2d Cir.) *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78

L.Ed.2d 171 (1983), is more representative of the Second Circuit's position because the outcome in *Adams by Adams* was fact specific and driven by what the judges thought would be the most equitable result. In *Keene,* the Second Circuit rejected plaintiff's claim for damages of "$1,088,135 and an additional amount yet to be ascertained" as too indefinite to satisfy the sum certain requirement. *Keene,* 700 F.2d at 841.

We disagree with the Government's characterization of both these decisions. First, there is nothing in *Adams by Adams* that indicates, as the Government contends, that the court ignored the qualifying language only because the harm to the Government and to the plaintiff of so doing was *de minimis.* Second, the *Adams by Adams* court distinguished *Keene,* stating that the Court did not disregard the qualifying language in that case "because the *Keene* claim had an additional defect...." *Adams by Adams,* 807 F.2d at 321. The court concluded that where the only defect in the claim was the presence of qualifying language, that language could be disregarded. *Id.* at 322.

F.2d 635 (9th Cir.1974), and the Third Circuit's decision in *Bialowas v. United States*, 443 F.2d 1047 (3d Cir.1971) in support of its position that plaintiff's SF95 failed to state a sum certain. Both these cases, however, are distinguishable on their facts. In *Caton*, the plaintiff did not claim any specific amount of damages at all, but instead stated that damages were "unknown at this time." [8] Similarly, in *Bialowas*, the plaintiff did not specify the total amount of his claim. Unlike the claimants in *Caton* and *Bialowas*, plaintiff here specifically claimed $100,000 in total damages.

For the above reasons, we hold that the qualifying words in Section 10(B) could and should have been stricken or disregarded as surplusage. So treated, the administrative claim as presented was sufficient.

We hold that plaintiff's administrative claim was timely and properly presented and that the district court had jurisdiction to entertain the tort claim against the United States. We vacate the district court's decision and remand for further proceedings.

*So ordered. Costs for appellants.*

---

**8.** In a later case in which qualifying language was used with a claim for a specific dollar amount, the District Court for the Eastern District of California stated that "it is clear that the Ninth Circuit cases [including *Caton*] cited by the government do not hold, as the government now contends, that the inclusion of words of qualification in addition to a specific dollar amount renders an administrative claim defective for failure to state a sum certain." *Industrial Indemnity Co. v. United States*, 504 F.Supp. 394 (E.D.Calif.1980).

## APPENDIX A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Prepare in ink or typewriter. Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary | FORM APPROVED OMB NO. 43-R0397 |
|---|---|---|

| 1. SUBMIT TO: | 2. NAME AND ADDRESS OF CLAIMANT (Number, street, city, State and Zip Code) |
|---|---|
| GSA Regional Counsel<br>TP O'Neill Federal Bldg.<br>10 Causeway<br>Boston, MA 02222-1077 REG ... ....1. 1A | Miguel Corte-Real<br>118 Washington Street<br>New Bedford, MA 02740 |

| 3. TYPE OF EMPLOYMENT | 4. AGE | 5. MARITAL STATUS | 6. NAME AND ADDRESS OF SPOUSE, IF ANY (Number, street, city, State, and Zip Code) |
|---|---|---|---|
| ☐ MILITARY<br>☒ CIVILIAN | 53 | Married | Altina Corte-Real<br>118 Washington Street<br>New Bedford, MA 02740 |

| 7. PLACE OF ACCIDENT (Give city or town and State; if outside city limits, indicate mileage or distance to nearest city or town) | 8. DATE AND DAY OF ACCIDENT | 9. TIME (A.M OR P.M) |
|---|---|---|
| New Bedford, Massachusetts | February 1, 1987 | 1:15 A.M. |

**10. AMOUNT OF CLAIM (in dollars)**

| A. PROPERTY DAMAGE | B. PERSONAL INJURY | C. WRONGFUL DEATH | D. TOTAL |
|---|---|---|---|
| NONE | $100,000 plus because | NONE | $100,000.00 |

**11. DESCRIPTION OF ACCIDENT** (State below, in detail, all known facts and circumstances attending the damage, injury, or death, identifying persons and property involved and the cause thereof)

On 2/1/87 while on his second patrol Mr. Corte-Real went by Station No. 2 in front of window No. 4 and slipped and fell on the ice and broke his right wrist. The accident occurred at the address of One King Street, New Bedford, Massachusetts. This incident occurred while I was working for MSM Security & Patrol Service, Inc. as a security guard.

**12. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

NONE

BRIEFLY DESCRIBE KIND AND LOCATION OF PROPERTY AND NATURE AND EXTENT OF DAMAGE (See instructions on reverse side for method of substantiating claim)

NONE

**13. PERSONAL INJURY**

STATE NATURE AND EXTENT OF INJURY WHICH FORMS THE BASIS OF THIS CLAIM

Fractured right wrist, carpal tunnel syndrome in right hand-pain radiating from right arm into shoulder and cervical spine. First dorsal compartment tendonitis, little finger flexor tenosynovitis and possible ulnar neuropathy
Medical reports and bills are attached.

**14. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| None | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 15. SIGNATURE OF CLAIMANT (This signature should be used in all future correspondence) | 16. DATE OF CLAIM |
|---|---|
| MIGUEL CORTE-REAL *Miguel d. F. Cale-Real* | January 12, 1989 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See R.S. §3490, 5438; 31 U.S.C. 231.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 62 Stat. 698, 749; 18 U.S.C. 287, 1001.) |

95-106

STANDARD FORM 95 (Rev. 6-72)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2