January 27, 1993
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1143

 LYNETTE SANTIAGO-RAMIREZ,

 Plaintiff, Appellant,

 v.

 SECRETARY OF THE DEPARTMENT OF DEFENSE, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]
 

 

 Before

 Cyr, Circuit Judge,
 
 Bownes, Senior Circuit Judge,
 
 Fuste,* District Judge.
 

 

 John Ward Llambias was on brief for appellant.
 
 Isabel Munoz Acosta, Assistant United States Attorney, with whom
 
Daniel F. Lopez Romo, United States Attorney, was on brief for
 
appellees.

 

 

 

*Of the District of Puerto Rico, sitting by designation.

 FUSTE, District Judge. The main question presented in
 

this appeal is whether appellant properly notified the agency for

which she worked, the Army and Air Force Exchange Service,

(AAFES), of her potential federal tort claim. The district court

found the letter sent to the agency by appellant's lawyer

deficient for purposes of the statutory notice provision of the

Federal Tort Claims Act, 28 U.S.C. 2675(a). We find that under

this circuit's flexible rule regarding notice requirements for

federal tort claims, the letter was sufficient as to part of the

claim.

 I.

 BACKGROUND
 

 Appellant, Lynette Santiago-Ram rez, was removed from

her post at the cash register of Fort Buchanan's Army Post

Exchange store on June 29, 1990, under suspicion of having taken

part in an employee theft ring. She was interrogated for about

forty-five minutes in her supervisor's office. She was then

taken to the office of Mr. Jacques Zayde, the Safety and Security

Manager of the Exchange, where she was again subjected to a

forty-five-minute interrogation. Appellant alleges that, among

other things, she was threatened with investigation by the FBI.

After what she alleges was considerable harassment in complete

disregard for her pregnant condition, she eventually signed a

typewritten statement. She was then returned to the office of

her supervisor, who informed her that she had been terminated

from her job. Upon concluding the investigation, no charges were

pressed against plaintiff.

 On September 25, 1990, appellant's attorney sent a

letter to the Director of Administration of the AAFES, stating

that appellant was filing an administrative complaint. The

letter specifically mentioned that appellant was mistreated by

officers and agents of the agency in a manner which resulted in

"emotional distress and mental suffering." The letter further

stated the exact remedy which appellant was requesting from the

agency: "reinstallation of Mrs. Santiago to her position, the

payment of any salaries and benefits and the reinstatement of any

rights she would have earned if not improperly discharged and the

amount of $50,000.00." The agency replied with a letter that

indicated it was treating the case as a routine dismissal under

military regulations. The letter stated that "Ms. Santiago's

rights to reinstatement were governed by the provisions of Army

Regulation (AR) 60-21/Air Force Regulation (AFR) 147-15." These

regulations require that an appeal of an adverse action be

brought within twenty-one days. Since appellant's letter had

been sent after the twenty-one-day period, the agency indicated

that it could take no action because she lacked a regulatory

basis for a review of her complaint. The agency letter, while

addressing the reinstatement and back-pay claim, did not respond

to the claim for damages for emotional distress. 

 After receiving this letter, appellant filed the

present suit in the United States District Court. She brought

 -3-
 3

suit against her employer, AAFES, as well as her immediate

supervisor, Mayra Moore, and the security manager, Jacques Zayde,

under the Tucker Act, 28 U.S.C. 1346(a)(2), and the Federal

Tort Claims Act, 28 U.S.C. 1346, 2671-2680. The district

court dismissed the suit after substituting the United States as

the proper party. The district court found that appellant's

letter did not give the agency sufficient notice of appellant's

claim and that appellant's complaint stated a cause of action for

false imprisonment, a cause of action excepted under the statute.

28 U.S.C. 2680(h). Appellant now appeals the dismissal of the

claims under the Federal Tort Claims Act. 

 II.

 FEDERAL TORT CLAIMS ACT
 

A. Administrative Requirements of the FTCA
 

 The Federal Tort Claims Act (FTCA), 28 U.S.C. 1346,

2671-2680, waives the sovereign immunity of the United States to

suits in tort. The prerequisite for liability under the Act is a

"negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or

employment, under circumstances where the United States, if a

private person, would be liable to the claimant in accordance

with the law of the place where the act or omission occurred."

28 U.S.C. 1346(b). However, unlike a suit against a private

person, the Congress has created an administrative procedure that

claimants must follow and exhaust. This procedure allows the

agency involved to receive a claim, investigate, and perhaps

 -4-
 4

settle the dispute before a suit is filed. 28 U.S.C. 2675.

Section 2675 provides that "[a]n action shall not be instituted

upon a claim against the United States . . . unless the claimant

shall have first presented the claim to the appropriate Federal

agency and his claim shall have been finally denied." The stated

legislative purpose of this administrative prerequisite was to

balance the goal of efficiently encouraging settlement between

the agency and the claimant with the desire to provide "fair and

equitable treatment of private individuals and claimants when

they deal with the Government or are involved in litigation with

their Government." S.Rep. No. 1327, 89th Cong., 2d Sess. 2,

reprinted in 1966 USCCAN 2515, 2516.
 

 Section 2675 requires that the potential plaintiff give

notice to the government of the nature of the claim and the

damages requested. 28 U.S.C. 2675(a).1 Failure to timely

 

 1Section 2675(a) states:

 (a) An action shall not be instituted
 upon a claim against the United States
 for money damages for injury or loss of
 property or personal injury or death
 caused by the negligent or wrongful act
 or omission of any employee of the
 Government while acting within the scope
 of his office or employment, unless the
 claimant shall have first presented the
 claim to the agency in writing and sent
 by certified or registered mail. The
 failure of an agency to make final
 disposition of a claim within six months
 after it is filed shall, at the option
 of the claimant any time thereafter, be
 deemed a final denial of the claim for
 purposes of this section. The
 provisions of this subsection shall not
 apply to such claims as may be asserted

 -5-
 5

file an administrative claim with the appropriate federal agency

results in dismissal of the plaintiff's claim, since the filing

of an administrative claim is a non-waivable jurisdictional

requirement. United States v. Kubrick, 444 U.S. 111, 113 (1979);
 

Attallah v. United States, 955 F.2d 776, 779 (1st Cir. 1992);
 

Corte-Real v. United States, 949 F.2d 484, 485 (1st Cir. 1991);
 

Gonz lez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir.
 

1990); Richman v. United States, 709 F.2d 122 (1st Cir. 1983). 
 

 The Justice Department has promulgated regulations

which flesh out the requirements for the presentation of

administrative claims for settlement. 28 C.F.R. 14.1-14.11.

The statutory notice requirement of section 2675 coincides with

the presentment requirement in 28 C.F.R. 14.2(a): "an executed

Standard Form 95 or other written notification of an incident,

accompanied by a claim for money damages in a sum certain . . .

." The difficulty created by the overlap between the presentment

requirements of the regulation and the notice requirement of the

statement is that the regulations also require additional

information which is only relevant for settlement purposes.

Acknowledging that the additional information is not relevant for

notice purposes, this circuit has followed the general shift

among all circuits toward a recognition of the distinction

between presenting a claim in a section 2675 context and

presenting a claim for settlement. L pez v. United States, 758
 

 

 under the Federal Rules of Civil
 Procedure by third party complaint,
 cross-claim, or counterclaim.

 -6-
 6

F.2d 806 (1st Cir. 1985); see also GAF Corp. v. United States,
 

818 F.2d 901, 919 (D.C.Cir. 1987); Johnson v. Unites States, 788
 

F.2d 845, 848 (2d. Cir.), cert. denied, 479 U.S. 914 (1986);
 

Tucker v. United States Postal Serv., 676 F.2d 954, 959 (3d Cir.
 

1982); Adams v. United States, 615 F.2d 284, 288-89 (5th Cir.
 

1980); Douglas v. United States, 658 F.2d 445, 447 (6th Cir.
 

1981); Charlton v. United States, 743 F.2d 557, 561 (7th Cir.
 

1984); Farmers State Sav. Bank v. Farmers Home Admin., 866 F.2d
 

276 (8th Cir. 1989); Warren v. United States Dep't. of Interior
 

Bureau of Land Management, 724 F.2d 776, 780 (9th Cir. 1984);
 

Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983). Only
 

after the process of settlement has been initiated does the

additional information required by the regulations become

relevant. All that is needed for notice is what the statute

specifies.

 We understand a plaintiff to have satisfied the notice

requirement of section 2675 if he or she provides a claim form or

"other written notification" which includes (1) sufficient

information for the agency to investigate the claims, and (2) the

amount of damages sought. L pez, 758 F.2d at 809-10 (citing the
 

standard in Adams, 615 F.2d at 289, with approval); see also
 

Corte-Real, 949 F.2d at 485 (claim should not be thrown out for
 

failure to specify sum certain with absolute clarity). This

circuit approaches the notice requirement leniently, "recognizing

that individuals wishing to sue the government must comply with

the details of the law, but also keeping in mind that the law was

 -7-
 7

not intended to put up a barrier of technicalities to defeat

their claims." L pez, 758 F.2d at 809. A flexible approach to
 

the notice requirement is in keeping with the original purpose

behind the filing of an administrative claim: that of allowing

the efficient investigation of a claim by the agency without

sacrificing the entitlement of a claimant to his or her cause of

action against the government. This approach to the notice

requirement recognizes that Congress intended to leave the

ultimate choice between settlement and suit in the hands of the

claimant. GAF Corp., 818 F.2d at 918. In the context of section
 

2675, the emphasis is on the agency's receipt of information: it

must have enough information that it may reasonably begin an

investigation of the claim.2 "Our decision in Corte-Real
 

supports saving a claim that is flawed, when the government's

investigatory needs are satisfied." Kokaras v. United States,
 

No. 92-1616, slip op. (1st Cir. Nov. 23, 1992).

 The district court found that the letter from

appellant's counsel to the Director of Administration of the

AAFES failed to fulfill the requirements of the statute because

it did not mention either the FTCA, negligence or tort. This

failure to mention the basis of any potential claim, the court

found, meant that the agency did not have sufficient notice of

the nature of the appellant's complaint against the agency.

However, it is clear that appellant's letter fulfills the

 

 2In Corte-Real, we emphasized that it was the information
 
 available in the notice supplied to the agency, and not the
 form in which it was presented, that was crucial.

 -8-
 8

statutory requirement. The letter provides sufficient

information to allow the agency to investigate: it states the

identity of appellant, the date of the incident, the location of

the incident, the government agents involved, and the type of

injury alleged. It also states the amount of the damages the

appellant is requesting. The letter adequately indicated that

appellant's complaint was premised on her emotional distress and

mental suffering. The language put the agency on notice that it

should investigate the possibility of potential tortious behavior

on the part of its agents. The fact that the agency

misunderstood appellant's letter, choosing to interpret it solely

as a belated appeal of an adverse administrative personnel

action, should not prejudice appellant's suit. The appellant

satisfied the statutory requirements and under the current state

of the law is not required to give any additional information

unless it is requested.3 

 The court has subject matter jurisdiction over the

appellant's claims under the FTCA. However, appellant's claim is

limited to the information she included in the letter. In other

words, she alone, and not her husband or the conjugal

partnership, may bring a claim for damages up to $50,000. Nor

are appellant's claims for reinstatement and back pay cognizable

 

 3The court in L pez distinguishes between the situation
 
 where the agency is simply being given notice of a claim and
 the situation embodied in an earlier case, Swift v. United
 
 States, 614 F.2d 812 (1st Cir. 1980), where the agency, in
 
 an attempt to further settlement, requested more information
 which the claimant ignored. L pez, 758 F.2d at 810.
 

 -9-
 9

under the FTCA, which provides only for tort monetary

compensation. The appellant's claim is limited to the

information included in the letter which gave the agency notice

of her claim.

B. The Intentional Tort Exception to the FTCA
 

 The Federal Tort Claims Act excepts certain intentional

torts from its general waiver of sovereign immunity. 28 U.S.C.

 2680. One of these exceptions is "any claim arising out of

assault, battery, false imprisonment, false arrest, malicious

prosecution, abuse of process, libel, slander, misrepresentation,

deceit or interference with contract rights." 28 U.S.C. 

2680(h). The district court correctly determined that the

exceptions in 28 U.S.C. 2680 are interpreted according to

federal law in order to avoid any dependence of federal subject

matter jurisdiction upon state law. Hydrogen Technology Corp. v.
 

U.S., 831 F.2d 1155, 1161 (1st Cir. 1987); United States v.
 

Neustadt, 366 U.S. 696 (1961). However, while this might mean
 

that the district court could properly decide that a claim for

false imprisonment or false arrest is precluded by section

2680(h), this does not mean that appellant's complaint does not

give rise to another cause of action which is available under the

FTCA. 

 The appellant's complaint might be read to plead a

cause of action for intentional or negligent infliction of

emotional distress. There is no exception in section 2680 which

disallows a claim for the infliction of emotional distress by

 -10-
 10

government agents. Claims against the government for intentional

infliction of emotional distress are not excepted from the FTCA.

Sheehan v. United States, 896 F.2d 1168 (9th Cir. 1990). Nor has
 

such an exception been read into the statute. The Supreme Court

has taken a very strict approach to the reading of section 2680.

It has held that "[t]here is no justification for this Court to

read exemptions into the Act beyond those provided by Congress."

Rayonier, Inc. v. United States, 352 U.S. 315, 321 (1957). And
 

even in the case where the facts of the complaint might give rise

to similar torts, "the partial overlap between . . . two tort

actions does not support the conclusion that if one is excepted

under the Tort Claims Act the other must be as well." Block v.
 

Neal, 460 U.S. 289, 298 (1983). Therefore, although appellant's
 

claim for intentional infliction of emotional distress may

overlap with a claim for false imprisonment, which is excepted,

it does not follow that the first claim is also excepted. 

 III.

 CONCLUSION
 

 Appellant has adequately informed the agency of her

intention to file suit for her alleged harassment by government

agents. The dismissal of appellant's suit as excepted under

section 2680 was premature. Because the complaint can be read as

stating a claim for intentional or negligent infliction of

emotional distress, the plaintiff may go forward on that theory. 

The present disposition is without prejudice of further motion

disposition under Fed. R. Civ. P. 56 once the parties have had an

 -11-
 11

opportunity of addressing the issues consistently with this

opinion.

 Reversed and Remanded.
 

 -12-
 12