16 F.3d 401
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Jorge MELENDEZ-FELIX, Plaintiff, Appellant,
v.
UNITED STATES of America, Et Al., Defendants, Appellees.
 No. 93-1760.
 United States Court of Appeals,
First Circuit.
 February 3, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico
 Antonio Bauza Torres for appellant.
 Maria Hortensia Rios Gandara, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, were on brief for appellee.
 D. Puerto Rico.
 AFFIRMED.
 Before Torruella, Circuit Judge, Aldrich, Senior Circuit Judge, and Cyr, Circuit Judge.
 ALDRICH, Senior Circuit Judge.
 
 
 1
 This $2 million plus lawsuit against the United States and several employees thereof stems from an incident outside Gate 1 of the Roosevelt Roads Navy Station in Puerto Rico on the night of July 9, 1990. Plaintiff Jorge Melendez-Felix (Melendez) and others[1] were arrested and, allegedly, mistreated before they were released. This action was commenced on February 25, 1992, and dismissed, on motion of defendants, on June 25, 1993. We affirm.
 
 
 2
 We consider first the F.T.C.A. action against the United States. 28 U.S.C. Secs. 2671-2680. A single claim on Standard Form 95 naming plaintiff and another was acknowledged by the proper agency on February 21, 1991. Counsel was immediately sent new blank forms with a letter stating in detail the necessary requirements. The letter referred to counsel as having clients (plural), and stated, "Each claimant has to fill [sic] a separate form." (Emphasis in orig.) However, no response was made, and the agency, by letter of October 1, 1991, stated, "[T]he claim of Jorge Melendez-Felix and Idalia Robles Suarez is hereby denied." The letter concluded "they may file suit ... within six months."
 
 
 3
 Plaintiffs' action against the United States was timely filed with Melendez as a plaintiff, but with no mention of Miss Robles Suarez. In granting the motion to dismiss
 
 
 4
 Melendez's action the court accepted the government's contention that it had no jurisdiction because of Melendez's failure to specify a sum certain on his claim. This followed long settled law. 28 C.F.R. Sec. 14.2(a); Corte Real v. United States, 949 F.2d 484, 485-86 (1st Cir. 1981); see Adams v. United States, 615 F.2d 284, 291-92 n. 15, clarified, 622 F.2d 197 (5th Cir. 1980). This requirement is to aid the agency to evaluate the claim for settlement purposes. Swift v. United States, 614 F.2d 812, 814 (1st Cir. 1980). So important is it considered that if a figure is not supplied the court lacks jurisdiction. Corte Real, 949 F.2d at 485-86. See Lopez v. United States, 758 F.2d 806, 808 (1st Cir. 1985).
 
 
 5
 The form 95 submitted by counsel gave a single dollar figure. Melendez's position is that this represented his personal claim only because only he was named as claimant; if Idalia Robles Suarez appeared to be a claimant also, it "was obviously a clerical error." There are two answers to this. The first is that it did not appear to be a mere clerical error. Question 2 as printed on the form read, "Name, address of claimant." To the word claimant, when submitted, there was added the letter "s", and the answer given was "JORGE MELENDEZ-FELIX AND MISS IDALIA ROBLES SUAREZ." This was more than a typographical slip. Second, if there was an error, the error was conspicuously not clear to the agency. In addition to "Each claimant," ante, the acknowledgement letter to counsel twice spoke of his clients with an "s". Reading this form and this letter together, no counsel could reasonably think he had submitted an "obvious" single claim. Nor should he overlook the agency letter specifying the need for a "specific dollar amount," which was already done, had there been but one claimant.
 
 
 6
 When counsel failed to respond in any way in spite of the letter's saying, "We cannot stress too strongly the importance of accurate and thorough completion," the agency ultimately denied the claim. Plaintiff, properly, does not assert a waiver of plaintiff's failure to supply an individual claim figure. It being jurisdictional, ante, it could not be waived. We would be bucking established, and important, government procedure if we were to hold otherwise.
 
 
 7
 The other defendants remaining in the case are the individual government employees who participated in the July incident. Here plaintiff's claim is predicated upon Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971). As to this the action was brought after the Puerto Rico statute of limitations would normally have run. Under Puerto Rico law, the statute of limitations is tolled if plaintiff has, before the time expired, expressed his intention of pursuing his claim, DeJesus v. Chardon, 116 D.P.R. 238, 116 D.P.R. 290, 301 (1985) (translation), or if plaintiff has asserted an "extrajudicial claim" within Article 1873 of the Civil Code.
 
 
 8
 31 P.R.L.A. Sec. 5303. Further, under certain circumstances, making such an expression to one obligee may automatically toll it as to others. 31 P.R.L.A. Sec. 5304; Fuentes v. District Court, 73 D.P.R. 959, 73 D.P.R. 893, 907-08 (1952) (translation). On this theory plaintiff says that filing the 95 form with the government tolled the statute with respect to the other defendants. We hold otherwise. Even in the context of a single defendant, "tolling is effective with regard only to identical causes of action." Rodriguez Narvaez v. Nazario, 895 F.2d 38, 43 (1st Cir. 1990); Fernandez v. Chardon, 681 F.2d 42, 49 (1st Cir. 1982), aff'd sub nom Chardon v. Fumero Soto, 462 U.S. 650 (1983). The rule can be no broader for co-defendants. Plaintiff sued the United States under the Federal Tort Claims Act for a common law tort. Under Bivens he sued the individual defendants for violation of his constitutional rights. These are very different claims. The fact that the same facts were involved is not determinative. Cf. Fernandez, 681 F.2d at 49.
 
 
 9
 Affirmed.
 
 
 
 [1]
 Some of the others originally participated herein, but, for various reasons, they have fallen by the wayside and Melendez is the sole appellant