USCA1 Opinion

 

 February 3, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 93-1760 JORGE MELENDEZ-FELIX, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Antonio Bauza Torres for appellant. ____________________ Maria Hortensia Rios Gandara, Assistant United States Attorney, _____________________________ with whom Guillermo Gil, United States Attorney, were on brief for _____________ appellee. ____________________ ____________________ -2- ALDRICH, Senior Circuit Judge. This $2 million _____________________ plus lawsuit against the United States and several employees thereof stems from an incident outside Gate 1 of the Roosevelt Roads Navy Station in Puerto Rico on the night of July 9, 1990. Plaintiff Jorge Melendez-Felix (Melendez) and others1 were arrested and, allegedly, mistreated before they were released. This action was commenced on February 25, 1992, and dismissed, on motion of defendants, on June 25, 1993. We affirm. We consider first the F.T.C.A. action against the United States. 28 U.S.C. 2671-2680. A single claim on Standard Form 95 naming plaintiff and another was acknowledged by the proper agency on February 21, 1991. Counsel was immediately sent new blank forms with a letter stating in detail the necessary requirements. The letter referred to counsel as having clients (plural), and stated, "Each claimant has to fill [sic] a separate form." (Emphasis ____ in orig.) However, no response was made, and the agency, by letter of October 1, 1991, stated, "[T]he claim of Jorge Melendez-Felix and Idalia Robles Suarez is hereby denied." The letter concluded "they may file suit . . . within six months." ____________________ 1. Some of the others originally participated herein, but, for various reasons, they have fallen by the wayside and Melendez is the sole appellant. -3- Plaintiffs' action against the United States was timely filed with Melendez as a plaintiff, but with no mention of Miss Robles Suarez. In granting the motion to dismiss Melendez's action the court accepted the government's contention that it had no jurisdiction because of Melendez's failure to specify a sum certain on his claim. This followed long settled law. 28 C.F.R. 14.2(a); Corte Real v. United __________ ______ States, 949 F.2d 484, 485-86 (1st Cir. 1981); see Adams v. ______ ___ _____ United States, 615 F.2d 284, 291-92 n.15, clarified, 622 F.2d _____________ _________ 197 (5th Cir. 1980). This requirement is to aid the agency to evaluate the claim for settlement purposes. Swift v. _____ United States, 614 F.2d 812, 814 (1st Cir. 1980). So ______________ important is it considered that if a figure is not supplied the court lacks jurisdiction. Corte Real, 949 F.2d at 485- __________ 86. See Lopez v. United States, 758 F.2d 806, 808 (1st Cir. ___ _____ _____________ 1985). The form 95 submitted by counsel gave a single dollar figure. Melendez's position is that this represented his personal claim only because only he was named as claimant; if Idalia Robles Suarez appeared to be a claimant also, it "was obviously a clerical error." There are two answers to this. The first is that it did not appear to be a mere clerical error. Question 2 as printed on the form read, "Name, address of claimant." To the word claimant, when submitted, there was added the letter "s", and the answer -4- given was "JORGE MELENDEZ-FELIX AND MISS IDALIA ROBLES SUAREZ." This was more than a typographical slip. Second, if there was an error, the error was conspicuously not clear to the agency. In addition to "Each claimant," ante, the ____ ____ acknowledgement letter to counsel twice spoke of his clients with an "s". Reading this form and this letter together, no counsel could reasonably think he had submitted an "obvious" single claim. Nor should he overlook the agency letter specifying the need for a "specific dollar amount," which was already done, had there been but one claimant. When counsel failed to respond in any way in spite of the letter's saying, "We cannot stress too strongly the importance of accurate and thorough completion," the agency ultimately denied the claim. Plaintiff, properly, does not assert a waiver of plaintiff's failure to supply an individual claim figure. It being jurisdictional, ante, it ____ could not be waived. We would be bucking established, and important, government procedure if we were to hold otherwise. The other defendants remaining in the case are the individual government employees who participated in the July incident. Here plaintiff's claim is predicated upon Bivens ______ v. Six Unknown Federal Agents, 403 U.S. 388 (1971). As to ___________________________ this the action was brought after the Puerto Rico statute of limitations would normally have run. Under Puerto Rico law, the statute of limitations is tolled if plaintiff has, before -5- the time expired, expressed his intention of pursuing his claim, DeJesus v. Chardon, 116 D.P.R. 238, 116 D.P.R. 290, _______ _______ 301 (1985) (translation), or if plaintiff has asserted an "extrajudicial claim" within Article 1873 of the Civil Code. 31 P.R.L.A. 5303. Further, under certain circumstances, making such an expression to one obligee may automatically toll it as to others. 31 P.R.L.A. 5304; Fuentes v. _______ District Court, 73 D.P.R. 959, 73 D.P.R. 893, 907-08 (1952) ______________ (translation). On this theory plaintiff says that filing the 95 form with the government tolled the statute with respect to the other defendants. We hold otherwise. Even in the context of a single defendant, "tolling is effective with regard only to identical causes of action." Rodriguez _________ Narvaez v. Nazario, 895 F.2d 38, 43 (1st Cir. 1990); _______ _______ Fernandez v. Chardon, 681 F.2d 42, 49 (1st Cir. 1982), aff'd _________ _______ _____ sub nom Chardon v. Fumero Soto, 462 U.S. 650 (1983). The _______ _______ ____________ rule can be no broader for co-defendants. Plaintiff sued the United States under the Federal Tort Claims Act for a common law tort. Under Bivens he sued the individual defendants for ______ violation of his constitutional rights. These are very different claims. The fact that the same facts were involved is not determinative. Cf. Fernandez, 681 F.2d at 49. __ _________ Affirmed. ________ -6-