19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tammy CAMPBELL, Plaintiff-Appellant,
v.
REGIONAL OFFICE VETERANS AFFAIRS, Defendant-Appellee.
 No. 93-4141.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: MARTIN, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Tammy Campbell appeals a district court order dismissing without prejudice her complaint in which she ostensibly sought review of the denial of her claim for veterans' benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a motion for leave to proceed in forma pauperis and documents which were construed as a civil complaint which reflect an ongoing dispute between plaintiff and the Department of Veterans Affairs with respect to medical treatment denied plaintiff. The magistrate judge granted plaintiff leave to proceed in forma pauperis and directed that the complaint be served upon defendant. Defendant filed a motion to dismiss the complaint, and a pretrial conference was held before the magistrate judge. Thereafter, both parties consented to trial of this case before the magistrate judge pursuant to 28 U.S.C. Sec. 636(c). The magistrate judge granted defendant's motion and dismissed plaintiff's complaint without prejudice.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed this case for the reasons stated in its opinion and order filed September 28, 1993. The district court lacks jurisdiction to review a Secretary's decision regarding veterans' benefits. 38 U.S.C. Sec. 7104; Larrabee v. Derwinski, 968 F.2d 1497, 1499-1501 (2d Cir.1992); Hicks v. Veterans Admin., 961 F.2d 1367, 1369-70 (8th Cir.1992). Further, to the extent that plaintiff asserts claims of medical malpractice under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), plaintiff has not met the jurisdictional prerequisite of presenting her claims in writing to the appropriate agency. 28 U.S.C. Sec. 2401(b). See Corte-Real v. United States, 949 F.2d 484, 485-86 (1st Cir.1991); Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir.1990) (en banc), cert. denied, 498 U.S. 1025 (1991).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.